West v. State.

## CHARLES H. WEST V. STATE OF NEBRASKA.

### FILED DECEMBER 18, 1901.    NO. 12,069.

1. **False Pretenses in Futuro.** The obtaining of property by representations of what will happen in the future is not a crime.

2. **Information.** The information charges sufficient facts to constitute the crime of obtaining property by means of false pretenses.

3. **Juror:** CHALLENGE: BILL OF EXCEPTIONS. Evidence relating to challenges to jurors for cause and to the array can not be considered, unless settled and allowed by a bill of exceptions.

4. **False Pretenses:** MATERIAL AND IMMATERIAL: INSTRUCTION. In a prosecution for obtaining property by several false pretenses, some of which are immaterial, the court should, by instructions, inform the jury which of the pretenses are material.

ERROR from the district court for Kearney county. Tried below before ADAMS, J.    *Reversed.*

*E. Frank Brown, Hamer & Hamer, L. W. Hague* and *Richard A. Moore,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown, Deputy,* and *M. D. King,* for the state.

NORVAL, C. J.

Charles H. West was prosecuted in the court below for the crime of obtaining property from John B. McIntyre, the prosecuting witness, by means of certain false pretenses. The jury found him guilty, and from the sentence pronounced against him error is prosecuted.

The information under which the defendant was tried is assailed on the ground that it does not charge a crime. Omitting the formal parts, it is as follows:

"That Charles H. West, late of the county aforesaid, on or about the 28th day of August, A. D. 1900, in the county of Kearney and state of Nebraska aforesaid, intending unlawfully, fraudulently and feloniously to cheat and defraud one John B. McIntyre, then and there did falsely,

21

knowingly, designedly, fraudulently, feloniously and unlawfully pretend to said John B. McIntyre that one J. M. Craig was a man of wealth and good standing, and a large property owner; also a merchant, and well able to meet all of his obligations; and that he resided in the city of Kearney, Nebraska; and that the said Charles H. West held a promissory note against said J. M. Craig for the sum of $200, and of which the following is a true copy:

'KEARNEY, July 25th, 1900.

'Three months after date I promise to pay to C. H. West or order two hundred dollars with ten per cent. interest from maturity.          J. M. CRAIG. [4c Rev. Stamps.]'

"That said Charles H. West aforesaid further falsely, knowingly, designedly, fraudulently, feloniously and unlawfully represented that the said note would be promptly paid by said J. M. Craig when due, and that the said J. M. Craig was absolutely good and responsible for said sum, and the full amount represented by said note would be paid by him, the said J. M. Craig at the maturity thereof.

"That, relying upon the false representations of the said Charles H. West, then and there made as aforesaid, John B. McIntyre then and there sold and delivered to the said Charles H. West four head of horses, of the value of $235, to be paid October 28th, 1900, and, as security for the payment of said sum did then and there, as aforesaid, relying on said representations so made by the said Charles H. West, accept said note of J. M. Craig from said Charles H. West.

"That said representations of the said Charles H. West were wholly false, in that the said J. M. Craig was not a man of wealth, or the owner of large property, and was not able to meet his obligations, and that he was not able to pay his said note when due, and that he was not in good standing, but was wholly insolvent and unable to pay his debts, and possessed of no property whatever, as the said Charles H. West well knew; and said J. M. Craig has wholly failed and refused to pay said note, or any part thereof. That the said Charles H. West then and there as

aforesaid made said false representations with intent then and there as aforesaid to cheat and defraud the said John B. McIntyre, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska."

The criticism made on the information is that it is not therein alleged that the complaining witness was injured or damaged by the false pretenses of the defendant. So it does not in as many words, but it is averred, in substance, that, by means of the false representations of Craig, the prosecuting witness was induced to and did part with property of the value $235. Certainly this amounts to a charge of actual injury and damage, if it were essential that the information should contain such an averment. The obtaining of the property of McIntyre by means of false pretense constituted the offense. It was unnecessary that the information should allege that the defendant did not pay for the horses at the time agreed upon, nor that he did not pay Craig. The crime, if it ever existed, was complete when the property was fraudulently obtained, and no act of the defendant thereafter could wipe it out.

A further suggestion is made that the representations set out in the information are only as to conclusions, matters of opinion and future happenings. This criticism is in part true, so far as the information charges that the defendant "represented that the said note would be promptly paid by said J. M. Craig when due, * * * and the full amount represented by said note would be paid by him, the said J. M. Craig, at the maturity thereof." These averments related to matters in the future, and were wholly immaterial. But aside from these, sufficient material facts are alleged to constitute a crime.

The assignments of error relating to challenges to the jury can not be considered because evidence relating thereto is not embraced within the certificate of the trial judge in allowing the bill of exceptions. *Coil v. State,* 62 Nebr., 15.

Complaint is made of the introduction of evidence of a

note given by West to McIntyre for the horses. The note was part of the *res gesta*, and was properly received in evidence, since it tended to explain and throw light upon the transaction. The Craig note was given as collateral security to the defendant's note.

The fourth instruction follows: "You are further instructed, gentlemen, that it is not necessary, to constitute the crime, that the owner, McIntyre, has been induced to part with his property solely and entirely by the false pretenses claimed, nor that the false pretenses were the paramount cause of the delivery of the property to the accused; for it is sufficient if they are part of the moving cause, and without them McIntyre would not have parted with the property. You are further instructed that the falsity of every pretense is not essential to the crime. It is enough that a material part of the pretenses was false, that it was made to defraud, and that it induced the prosecuting witness to part with his property. And if, from all the evidence, you so find such state of facts, then your verdict should be, 'guilty as charged.'" Exception was taken by the defendant to the foregoing instruction, and we are of the opinion its giving was erroneous. True, as the court said, "It is enough that a material part of the pretenses was false." But neither in this instruction nor elsewhere in the court's charge, were the jury informed which one of the pretenses set forth in the information was material, and which immaterial. The jury were left to determine this for themselves. As we have already seen, at least one of the false pretenses alleged was immaterial, and the jury may have found their verdict upon it alone. The instruction attempted to cover the entire cause, and, having omitted to tell the jury which were the material representations, is erroneous, and for the giving of which there must be a new trial.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.