### REED v. STATE.

#### Opinion delivered January 2, 1911.

CRIMINAL LAW—SUFFICIENCY OF EVIDENCE OF CRIME.—Mere circumstances of suspicion are not sufficient to support a conviction of crime, which must be established by substantial evidence to the exclusion of a reasonable doubt.

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

*Marsh & Flenniken,* for appellants.

The court erred in refusing to give a peremptory instruction in favor of these appellants. There is no evidence whatever upon which to base a verdict of conviction. The most that is shown is that a crime was committed; nothing whatever to connect these defendants with the commission of that crime.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The evidence is sufficient to sustain the verdict of guilt as to both defendants.

FRAUENTHAL, J. The defendants, Sheppard Reed and Spurge Neasley, were convicted of the crime of grand larceny; and they urged on this appeal, as the sole ground for a reversal of the judgment, that there was not sufficient evidence to warrant their conviction. They were charged with stealing seventy-five dollars in money, the property of one George W. Moore. Mr. Moore conducted a mercantile business at Three Creeks, where there was a small collection of houses. His store house was a small frame building, in a portion of which he slept, and he kept a safe in the southwest corner of the house from which he claimed the money was taken. Late in the evening in March, 1910, he prepared to go to supper, which he procured at a short distance from his store house. He counted the money which he had then on hand, which consisted of $60 in currency and $15 in silver. This he placed in his safe, together with a promissory note owned by him, and then left to get his supper, and returned to the store in a short time thereafter. He did not lock his safe door upon leaving for his supper, but did lock the door of his store. Upon his return to the store he sat down and read his newspaper, and about 8 or 9 o'clock the defendants came in the store. He asked them what they wanted, and one of them bought some peanuts. In a few minutes thereafter a brother of defendant Reed and one Will Burns came into the store, and shortly thereafter defendant Neasley stated that he wanted to order a pair of pants, and desired Mr. Moore to take his measure. Mr. Moore had a sample book, which was on a counter about 12 to 15 feet from the safe, and he and the other parties went to the counter to select the sample from the book. Mr. Moore stood at the rear of the counter, and three of the parties stood in front thereof, and defendant Reed stood just back of them and nearer to the safe. The only light in the house was a lamp which Mr. Moore placed on the counter before him as they examined the sample book, and it was quite dark at the place where the safe was located. Mr. Moore and the parties remained in this position for a few minutes—three of the parties immediately across the counter in front of him and Reed just back of them and nearer to the safe. Mr. Moore then requested Reed to take the measure of Neasley for the pants, which he did. While the measurement was

being taken, another party, named Dallas Lockhart, came into the store, and remained immediately near Mr. Moore during the time he was there. After the measure was taken, all the five parties left the store, and shortly thereafter Mr. Moore locked his safe door and then retired. On the following morning he discovered upon opening his safe that the above money and note were missing. A witness testified that he heard parties pass by his house, which was situated a short distance from Moore's store, presumably just after defendants had left the store, and from their voices he recognized the defendants being in the crowd. The house of this witness was located on the public road along which defendants and Reed's brother and Burns ordinarily traveled in going to their homes from the store house. Early on the following morning this witness found in the road near his house the note which Mr. Moore had placed on the evening before in his safe with his money.

While the defendants were in the store house, Mr. Moore did not see either of them go to or near the safe, nor did he see any suspicious act or conduct on their part. The time when it was possible for either of them to have gone to the safe without Mr. Moore seeing him was during the short time that the parties were standing before him at the counter and just before he requested Reed to take Neasley's measure. At that time Reed was standing just back of these three parties and a little nearer the safe; but Mr. Moore did not see him go near the same, and the moment he requested Reed to take the measure he appeared to be right at the parties.

The defendants rented land of gentlemen who lived about a mile from Mr. Moore's store house, and they testified that the defendants procured supplies from them at this time in the usual course of their business and never exhibited any money. They seemed to have close business relations with them, and they testified that they saw nothing in the acts, conduct or business of defendants to indicate that they had any money at this time or just afterwards. The defendants and all the other parties who were in the store house on that night with Mr. Moore appeared as witnesses upon the trial. The defendants testified that they did not take the money, and the other parties testified that defendants could not have taken same from the safe with-

out their seeing them do so, and that they did not see either of the defendants take the money or go near the safe.

This is substantially all the evidence that was introduced upon the trial of the case against the defendants. We do not think that this evidence is sufficient to convict defendants of this crime. There is nothing to connect the defendants with the crime except the fact that they were in the store house on the night that Mr. Moore claimed that the money was taken. But there is no testimony that these defendants knew that Mr. Moore had any money in the safe, or that there was sufficient opportunity for either of them to have taken it while they were in the store house without being noticed by Mr. Moore. There was a greater opportunity for some one to have entered the store house through a window while Mr. Moore was absent at supper, leaving the safe door unlocked. The fact that Mr. Moore's note was found in the road along which the defendants traveled after leaving the store is not sufficient to fasten the guilt of this crime upon the defendants. The note was found on the following day in the road along which the public generally traveled, and some other person could have dropped or thrown the note there. There may be in this testimony some evidence of suspicion against defendants, but at the most it is a circumstance of bare suspicion. But mere circumstances of suspicion are not sufficient upon which to base the conviction for a crime, which must be established by substantial evidence to the exclusion of a reasonable doubt.

It may be that these defendants are guilty of this crime, but, after a careful examination of all the evidence adduced upon the trial and after drawing from it every inference that is rightfully deducible therefrom, we do not think that it was sufficient to warrant the defendants' conviction of this crime. *France* v. *State,* 68 Ark. 529.

It may be that on a future trial additional evidence may be introduced showing their guilt. The evidence that was introduced upon the trial below we think too slight to justify a conviction.

The judgment is accordingly reversed, and the case remanded for a new trial.