## HIGGINS *v.* STATE.

### Opinion delivered January 26, 1920.

1. FALSE PRETENSES—REPRESENTATIONS.—The charge of false pretenses can not be predicated upon false representations made to induce the mortgagee to release his mortgage where the indebtedness secured by such mortgage had been paid.

2. FALSE PRETENSES—DEFINITION.—A "false pretense" is such a fraudulent representation of an existing or past fact by one who knows it to be false as is adapted to induce the person to whom it is made to part with something of value.

3. FALSE PRETENSES—PARTING WITH SOMETHING OF VALUE.—False pretenses can not be predicated on a false representation to a mortgagee of land that his mortgage is the only one on the land made to induce him to release it and to take a new mortgage where his old mortgage was unrecorded, and therefore subordinate to the later recorded mortgage of a third person, since the holder of the mortgage prior in time, in executing a release of his security, parted with nothing of value.

Appeal from Conway Circuit Court; *A. B. Priddy,*
Judge; reversed.

*J. Allen Eades,* for appellant.

No mortgage was shown except the one given in
March, 1914, for $25, and the goods furnished defendant
during the year up to November 15 *and was absolutely re-
stricted to that* year and the mortgage could not be
stretched to cover any other than the year 1914 without an
agreement in writing. It could not be extended by parol.
30 Ark. 745. The mortgage of 1914 was paid off and it
got on record by mistake. It is competent for parties to
limit the operation of the security and the instrument
secures no advances made after the expiration of the
time. 50 Ark. 259. It was the wife's land and not Hig-
gins' at all, and Mrs. Higgins should have been allowed
to testify. The court erred in its instructions. 2 Ark.
326. No. 9 was purely abstract and prejudicial.

*John D. Arbuckle,* Attorney General, and *Robert C.
Knox,* Assistant, for appellee.

The mortgage executed in 1914 was not paid off.
An unrecorded mortgage is good between the parties.
71 Ark. 505. There were no errors in the instructions
given or refused nor in the remarks of the State's attor-
ney. The evidence sustains the verdict.

HART, J. N. H. Higgins prosecutes this appeal to
reverse the judgment of conviction against him for the
crime of obtaining money or other valuable thing by
false pretenses

According to the testimony of G. C. Martin, the
prosecuting witness, N. H. Higgins had worked land for
him for several years and Higgins owed him for supplies
which had been furnished him. In the fall of 1913 Hig-
gins was indebted to Earl Bros., and by agreement with
Martin, the latter paid off Higgins' indebtedness and took
a mortgage on his stock and forty acres of land owned
by his wife. The mortgage was duly signed and acknowl-
edged by the wife of Higgins, but was not recorded until

some time in May, 1917. Higgins and his wife gave other mortgages to Martin on the forty acres of land owned by the wife, but these mortgages were never filed for record. On the 24th of June, 1918, Higgins represented to Martin that there was no lien upon the land except the mortgage of Martin, and Higgins' wife at the same time made the same representations. These representations were made by Higgins for the purpose of inducing Martin to release the old mortgage and to accept a new one on the same land. At that time the indebtedness of Higgins to Martin amounted to about $800. Upon the faith of the representations made by Higgins, Martin accepted a new note from Higgins for the amount of his indebtedness and a new mortgage on the same land signed by Higgins' wife. On April 2, 1918, Higgins and wife gave a mortgage on the same forty acres to Clifton Moose to secure an indebtedness of $331. Martin did not know that this mortgage had been executed at the time Higgins told him that the new mortgage which he proposed to execute to Martin would be the first lien on the land. Martin admitted in his testimony that Higgins, at the time of the execution of the new mortgage, had more than paid him enough to cover the amount of his indebtedness at any time during the year 1914. Higgins denied having made the representations in questions.

The evidence was not sufficient to support the verdict. According to Martin's own testimony, at the time of the execution of the mortgage on June 24, 1918, Higgins had already paid him more than enough to satisfy any indebtedness he owed Martin during the year 1914. Hence no false pretenses could be predicated upon the mortgage which was executed in 1914, because the amount of the indebtedness secured by it had been paid before the mortgage upon which the false pretenses are based was executed. The charge could not be predicated upon any of the subsequent mortgages; for, while Martin testified that Higgins and his wife executed to him mortgages on the land at a later date to secure his sub-

sequent indebtedness, the undisputed evidence showed that these mortgages were never filed for record. The mortgage to Moose was filed for record and under our statute became a first lien upon the land. It is true the prior unrecorded mortgages of Higgins and his wife to Martin constituted a valid lien upon the land as between the parties, but that was subject to the lien of the bank which, although subsequent in point of time, was a prior lien because it had been filed for record as prescribed by the statute.

A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it to be false, as is adapted to induce the person to whom it is made to part with something of value. *State* v. *Vandimark,* 35 Ark. 396, and *Morgan* v. *State,* 42 Ark. 131.

In the case at bar Martin had an unrecorded mortgage which was subject to the mortgage given to Moose. The mortgage of June 24, 1918, was upon the same property and signed by the same parties as the first mortgage and was given to secure a renewal of the same indebtedness. It is true it was subject to the mortgage given to Moose, but the prior unrecorded mortgage was also subject to the Moose mortgage. Hence the representations of Higgins did not cause Martin to part with anything of value.

But it is insisted that the case at bar is ruled by *Judkins* v. *State,* 123 Ark. 28. The facts in the two cases, however, are materially different. There the defendant induced his creditor to surrender a note and chattel mortgage and to accept a new note secured by a mortgage on land upon representations that the land was unencumbered, when in truth and in fact a third party also held a mortgage on the land for a large sum. There the creditor was induced by the false pretense to surrender his note and release his mortgage lien on the personal property, and this constituted the offense. It is true it was also said in that case that it is no **defense that the prosecutor was** not injured. In other words, one who obtains money by false pretenses is

liable to punishment, although it may turn out that the prosecutor suffered no financial loss thereby. In the application of this principle it was held in that case that the crime was complete, although the original debt secured by the surrendered mortgage was void on account of being usurious. So, too, it would be no defense if it turned out that the property covered by the new mortgage was of sufficient value to satisfy the original indebtedness, which was secured by the surrendered mortgage.

It follows that the judgment must be reversed and the cause remanded for a new trial.