FISHER *v.* STATE.

Opinion delivered December 24, 1923.

1.    FALSE PRETENSES—DEFINITION.—A false pretense is a false representation of an existing fact or past event, by one who knows that it is not true, and of such a nature as to induce the party to whom it is made to part with something of value; and it is only necessary that the false pretense be the inducing motive to the obtaining of the goods or money by the defendant.

2.    FALSE PRETENSES—INDICTMENT.—An indictment for false pretenses *held* to state the facts constituting the alleged offense

with sufficient certainty to apprise defendant of what facts would be necessary for him to prove in his defense, and to be sufficient.

3. FALSE PRETENSES—WHEN OFFENSE COMPLETE.—The offense of false pretenses is complete when a thing of value has been obtained knowingly and designedly from another by false pretenses, with an intent to defraud such person of such property, and it is unnecessary to charge or prove an actual pecuniary loss or damage.

4. FALSE PRETENSES—VARIANCE.—In a prosecution for false pretenses, where the indictment alleged that defendant obtained the property by false pretense, proof that he procured the property to be delivered to another for whom he was acting as agent *held* not a variance.

5. CRIMINAL LAW—MULTIPLICATION OF INSTRUCTIONS.—Where defendant's theory was fully presented by an instruction given, it was not error to refuse to multiply instructions to the same point.

6. CRIMINAL LAW—INSTRUCTIONS—SINGLING OUT FACTS.—Courts are not required, in their instructions, to single out facts and thus emphasize the theory of either party.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

STATEMENT OF FACTS.

A. B. Fisher has been convicted before a jury in the circuit court upon an indictment charging him with the crime of false pretenses. The body of the indictment is as follows:

"The grand jury of White County, in the name and by the authority of the State of Arkansas, accuses A. B. Fisher of the crime of false pretenses, committed as follows, to-wit: The said A. B. Fisher, in the county and State aforesaid, on the 12th day of April, A. D. 1923, then and there unlawfully, knowingly, designedly and feloniously did falsely pretend to W. J. Shiver that he, the said A. B. Fisher, was then and there the authorized agent and employee of the Columbia Hardwood Lumber Company, of Chicago, Illinois, to purchase, receive and pay for lumber for the said Columbia Hardwood Lumber Company aforesaid, and he, the said A. B. Fisher, then and there proposed to and did purchase and receive from the said W. J. Shiver seven carloads of

lumber of the value of twenty-three hundred dollars, and by reason of the false pretense aforesaid he, the said A. B. Fisher, then and there unlawfully, knowingly, designedly and feloniously did obtain from the said W. J. Shiver seven carloads of lumber, of the value of twenty-three hundred dollars, the property of the said W. J. Shiver, with the unlawful and felonious intent then and there to cheat and defraud the said W. J. Shiver out of his said property; whereas, in truth and in fact, the said A. B. Fisher was not then and there the authorized agent and employee of the said Columbia Hardwood Lumber Company, of Chicago, Illinois, to purchase, receive and pay for lumber as aforesaid, and he, the said A. B. Fisher, so well knew at the time he made the false pretense aforesaid, against the peace and dignity of the State of Arkansas.''

W. J. Shiver was the principal witness for the State. According to his testimony, during the year 1923 he had been engaged in manufacturing, buying and selling lumber at Searcy, in White County, Arkansas. He first met the defendant at his place of business in Searcy on April 12, 1923. The defendant made some prices on lumber. He asked the defendant what company he was representing, and the defendant said the Columbia Hardwood Lumber Company of Chicago, and that the company had a branch office in Little Rock, Ark. The defendant represented that he was taking care of the branch office. At first he sold the defendant something like four cars of oak lumber and several cars of gum. The defendant referred him to the Blue-Book for the company's standing. He told the defendant that he knew of his company, and that he supposed it was the same company that operated some mills below Varner, and he said that it was. He came back on the 14th, and he told him that he had looked up his company and found it to be all right. The order signed on April 12, 1923, Columbia Hardwood Lumber Company, by B. H. Moffitt, trust officer, by Fisher, is one of the orders that he gave him.

He delivered seven cars within the space of six days, and never received any pay for them. The six cars were worth over $2,000. The lumber was duly inspected and received by an inspector named Sheehan. Fisher told Shiver that the cars would be paid for just as fast as they were received. Shiver has not received any pay for the lumber.

The testimony of W. J. Shiver was corroborated by that of his brother, T. Shiver. In addition, they both testified that, after they found out that the defendant was not representing the Columbia Hardwood Lumber Company of Chicago, as he had represented himself to do, they went to Little Rock and undertook to locate his place of business there, but were unable to do so.

The treasurer of the Columbia Hardwood Lumber Company of Chicago, Ill., was present at the trial, and also testified for the State. According to his testimony, there is only one Columbia Hardwood Lumber Company in Chicago, and that the defendant had never been in its employment. The witness was treasurer of the company, and said that at one time the company had furnished money to operate some mills in White County, Arkansas, but that they had quit operations here about a year and a half ago. The Columbia Hardwood Company is not listed in the Blue-Book. The Columbia Hardwood Company received mail at room 1310, Security Bank Building, Chicago, which was forwarded to Little Rock.

Another witness testified that the defendant had told him that the Columbia Hardwood Company was a company owned by the Sargent Lumber Company, which had been organized by himself and Mr. Sargent. He said that the Columbia Hardwood Company was the buying company for the Sargent Lumber Company, which was selling him the lumber.

Other evidence for the State showed that the Sargent Lumber Company, the Columbia Hardwood Company, and six other lumber companies had the same

office in Little Rock, Ark. The defendant and Mr. Sargent are the only two men who were ever found who acknowledged to having anything to do with the office.

The defendant was the principal witness for himself. According to his testimony, in 1923 he was engaged in selling lumber for the Sargent Lumber Company, and was employed by the Columbia Hardwood Company. He met B. H. Moffitt, who represented himself to be a trustee for the Columbia Hardwood Company, and made a contract with him at Forrest City, Ark., whereby he agreed to purchase lumber for the company for the sum of $175 per month. The contract provided that it should run a year from date, which was the 22d day of November, 1922. The defendant admitted meeting the prosecuting witness at his place of business in Searcy, Ark., in April, 1923. He told Shiver that he was representing the Columbia Hardwood Company of Little Rock, and that the company had an office in Chicago. He bought seven cars of lumber from Shiver for the Columbia Hardwood Company. None of the lumber was delivered to the defendant, and he did not buy it for his personal use.

On cross-examination the defendant stated that he did not tell Shiver that he was buying lumber for the Columbia Hardwood Lumber Company, and that he did not say anything to him about looking up the rating of that company. He did not know who stayed in the Chicago office of the Columbia Hardwood Company. No one ever told him. He simply told Shiver that his company was a trust association with an authorized capital of $500,000.

T. S. Sargent was also a witness for the defendant. He testified that he knew B. H. Moffitt, and that his company had been buying lumber from the Columbia Hardwood Company during the year 1923.

F. B. Welch, the cashier of a bank at Searcy, testified in rebuttal for the State. According to his testimony, the contract of employment signed "Columbia

Hardwood Company, by B. H. Moffitt, trustee," and A. B. Fisher, and the declaration of trust with the Columbia Hardwood Company, bearing the signature of B. H. Moffitt, and the order for lumber to the Searcy Hardwood Lumber Company, bearing the signature of "Columbia Hardwood Company, by B. H. Moffitt, by Fisher," were written by the same person.

W. J. Shiver testified that he owned the mill which sold the lumber to the defendant. He also testified that the Blue-Book is a lumberman's book which gives the rating of large lumber companies. The Columbia Hardwood Lumber Company of Chicago, Ill., is a large lumber company and contains a good financial rating.

The jury returned a verdict of guilty, and fixed the punishment of the defendant at imprisonment at one year in the State Penitentiary.

From the judgment and sentence of conviction the defendant has duly prosecuted an appeal to this court.

*Ben F. Reinberger* and *Brundidge & Neelly*, for appellant.

*J. S. Utley*, Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose*, Assistants, for appellee.

HART, J., (after stating the facts). The defendant was indicted under § 2449 of Crawford & Moses' Digest, which reads as follows: "Every person who, with intent to defraud or cheat another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain a signature of any person to any written instrument, or obtain from any person any money, personal property, right of action, or other valuable thing or effects whatever, upon conviction thereof shall be deemed guilty of larceny and punished accordingly."

The first assignment of error is that the indictment is fatally defective. We have copied the body of the indictment in our statement of facts, and it need not be repeated here.

Tested by our decisions construing the statute just quoted, we are of the opinion that the court properly

overruled the demurrer to the indictment. It is well settled by our decisions that a false pretense is a false representation of an existing fact or past event, by one who knows that it is not true, and which is of such a nature as to induce the party to whom it is made to part with something of value; and it is only necessary that the false pretense be the inducing motive to the obtaining of the goods or money by the defendant. *Parker* v. *State,* 98 Ark. 575, and *Lawson* v. *State,* 120 Ark. 337.

The indictment in question charges that a false pretense was in fact made. That it was made with the intention of defrauding the prosecuting witness, W. J. Shiver, and that the prosecuting witness was in fact defrauded to his injury. The indictment in plain terms charges that A. B. Fisher, in White County, Arkansas, on the 12th day of April, 1923, feloniously pretended to W. J. Shiver that he, the said A. B. Fisher, was the authorized agent of the Columbia Hardwood Lumber Company of Chicago, Ill., to purchase, receive and pay for lumber for it.

The indictment further charges that the said A. B. Fisher proposed to purchase from W. J. Shiver seven carloads of lumber, of the value of $2,300, and, by reason of said false pretense, obtained from said W. J. Shiver the seven carloads of lumber, with the felonious intent to defraud the said W. J. Shiver out of his property.

The indictment further charges the fact to be that the said defendant was not then and there the authorized agent of the said Columbia Hardwood Lumber Company of Chicago, Ill., to purchase, receive and pay for lumber for it, and that the said defendant well knew that he was not such agent at the time he made the false pretense aforesaid. The statement that the defendant knew his representations of agency to be false embraces the charge that it was so in fact. The words, "that he knew his representations to be false at the time he made them," fixed the venue of the offense; because, in another

part of the indictment, it charges that the representations were made in White County, Arkansas.

The indictment also charges that the defendant made the false pretense in question to induce the prosecuting witness to part with his property, and that the alleged false pretense was effectual for that purpose. Hence the facts charged to constitute false pretenses are stated with sufficient certainty to apprise the defendant of what facts would be necessary for him to prove in his defense.

It is further claimed that, as the indictment fails to specifically charge loss or damage to Shiver, it is fatally defective. We think the offense, under the statute, is complete when a thing of value has been obtained knowingly and designedly from another by false pretenses, with an intent to defraud such person of such property, and that it is unnecessary to charge or prove an actual pecuniary loss or damage. The prosecuting witness was legally injured when he surrendered his property on account of the false representations made to him by the defendant in order to obtain it. The obtaining of the property of Shiver by means of false pretenses constituted the offense, and it was unnecessary to charge that the defendant did not pay for the lumber in question. The crime, if any, was complete when the property was fraudulently obtained. *West* v. *State* (Neb.), 88 N. W. 503, and *Stoltz* v. *People* (Col.), 148 Pac. 865.

It is also insisted that there is a variance between the allegations of the indictment and the proof. It is insisted that the indictment charges the defendant with obtaining the lumber mentioned under false pretenses, while the proof shows that the defendant never obtained it; but that, if any person or corporation obtained it, it was the Columbia Hardwood Company, of which the defendant was the agent.

We do not think that this assignment of error is well taken. It is evident from the testimony that, if any-

one made false and fraudulent representations amounting to false pretenses and obtained the lumber by reason thereof, it was the defendant. If he made the representations, he made them with the knowledge of their falsity, and the plea of agency is not available to one who knowingly commits a crime. In such cases it is sufficient if the defendant either obtained the possession or control of the goods, or that such goods were delivered to another at his request or in accordance with his wishes. Our statute does not make it an element of the offense of obtaining money or property under false pretenses that it shall be obtained for the person making the pretenses himself, or that it should be intended to obtain it for another. The statute provides that every person, who, with the intent to defraud another, shall, by color of any false token or writing, or by any other false pretense, obtain personal property, upon conviction shall be deemed guilty of larceny, and shall be punished accordingly. The statute is directed against whomsoever shall obtain money or property by false pretenses, and it does not make any difference who gets the money or property. *State* v. *Balliet*, 63 Kan. 707, 66 Pac. 1005; *Musgrave* v. *State*, 133 Ind. 297, 32 N. E. 885; *State* v. *Chingren*, 105 Ia. 169, 74 N. W. 946; and *State* v. *Mendenhall*, 24 Wash. 12, 63 Pac. 1109.

It is next insisted that the evidence is not legally sufficient to warrant a verdict of guilty; but we are of the opinion that the proof in this case, on the part of the State, brings it clearly within the doctrine of the cases cited. The statements and representations made by the defendant to Shiver to induce him to part with his lumber were representations of existing facts. They consisted of positive assertions of existing facts or conditions which were known by him to be false, and which were made with the intent to influence the action of the prosecuting witness and to induce him to refrain from any particular investigation of the subject to which they related, and to induce him to part with his property

upon the faith that the defendant was the agent of the Columbia Hardwood Lumber Company of Chicago, Ill.

According to the evidence on the part of the State, we have a case where a person, by falsely pretending to be the purchasing agent of a regular established lumber dealer, fraudulently procured another lumber dealer to sell him lumber. Shiver was induced to part with his property upon the representations of the defendant that he was the agent of the Columbia Hardwood Lumber Company of Chicago, Ill. Then, upon the faith of such representations, Shiver looked up the rating of that company, and, when he found it to be good, he sold the lumber to the defendant. He already knew that that company had the reputation of being a reliable company.

According to the evidence for the defendant, he represented that the hardwood company had offices in Little Rock and also in Chicago; that he was the agent of that company. A subsequent investigation showed that the Columbia Hardwood Company of Little Rock was not known in the lumber trade, and that it only had a nominal existence. However that may be, the proof on the part of the State showed that the defendant falsely represented himself to be the purchasing agent of the Columbia Hardwood Lumber Company of Chicago, Ill., which was well known in the lumber trade, and which had a good rating, and thereby induced him to sell defendant seven cars of lumber. The evidence for the State, if believed by the jury, was legally sufficient to warrant a verdict of guilty.

It is next insisted that the court erred in giving certain instructions on the part of the State. We do not deem it necessary to set out these instructions. It is sufficient to say that they contain correct declarations of law within the principles announced in the decisions above cited and many other decisions of this court which might be cited.

It is next insisted that the court erred in refusing to give instruction No. 4 requested by the defendant.

The instruction is as follows: "The jury are instructed that, if you find from the testimony in this case that the cars of lumber mentioned in the indictment as being received by the defendant, A. B. Fisher, were in reality sold by the prosecuting witness, W. J. Shiver, to the Columbia Hardwood Lumber Company, and shipped by the prosecuting witness, then you will find the defendant not guilty."

In this connection it may be said that the court gave instruction No. 5 at the request of the defendant, which is as follows: "The jury are instructed that, if you find from the testimony in this case that the defendant, A. B. Fisher, was hired by the Columbia Hardwood Company by the month, under a written contract duly signed, to represent it, and, at the time of the purchase of the cars of lumber mentioned in the indictment from the prosecuting witness, W. J. Shiver, he made known to said prosecuting witness the fact that he was only a purchasing agent and the name of his principal, and furnished to the said prosecuting witness written orders for said lumber, and that said written orders contained the name of the purchaser, the price to be paid, the time when it was to be paid, and the conditions of the purchase, and that the lumber was afterwards loaded and shipped to the actual purchaser thereof, the Columbia Hardwood Company, and not to the defendant, and the defendant was not interested in the purchase of said lumber further than as agent aforesaid, then you will find the defendant not guilty."

This instruction presented fully and fairly the theory of the defendant, and the court is not required to multiply instructions on the same point.

Finally, it is insisted that the court erred in modifying instruction No. 8 requested by the defendant, and giving it to the jury as modified. The instruction as modified reads as follows: "The jury are instructed that the defendant is charged in the indictment with obtaining seven cars of lumber from W. J. Shiver by

false pretense, and that this allegation must be proved, and, although you may find from the testimony that the defendant may have received pay for some of the lumber as agent of the Sargent Lumber Company, still this alone would not be sufficient to convict the defendant, under the charge contained in the indictment."

We think the modification of the instruction was proper. The instruction, without the word "alone," would have singled out certain facts and have given them undue prominence to the jury. The court is never required to single out facts and thus emphasize the theory of either the State or the defendant.

In the present case the respective theories of the State and of the defendant were fully and fairly submitted to the jury, under the instructions given by the court. It will be readily seen that the guilt or innocence of the defendant depended upon whether the prosecuting witness or the defendant was telling the truth about the transaction.

We find no prejudicial error in the record, and the judgment will be affirmed.