LAMB *v.* STATE.

4217                    155 S. W. 2d 49

Opinion delivered October 6, 1941.

*John Owens, P. L. Smith* and *Tom Kidd,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, C. J.   Clyde Lamb, constable and deputy sheriff since 1926, was indicted for obtaining money by false pretense. Pope's Digest, § 3073. A jury found him guilty and fixed punishment at one year in the penitentiary.

Acting, ostensibly, in his official capacity (but in fact without warrant of law) appellant collected an excessive sum of money from Ern. McDaniel who had agreed to plead guilty to a charge of possessing untaxed liquor. It was understood that the lowest permissible fine would be assessed. Justice of the Peace Erith Dixon entered on his docket a fine of $5. Dixon's fees amounted to $2.30, and $1.30 was credited to the constable, a total of $8.60.

There was proof that McDaniel was arrested Saturday, August 10, 1940, and placed in jail. Thirty minutes later he was released by appellant, who told him "they" were going to fine him. The Negro was directed to return the following day.

McDaniel testified that the next day, in response to appellant's suggestion, he went with appellant to see the justice of the peace, remaining in his (McDaniel's) car while the two officials conferred in appellant's home.[1] McDaniel then went home, but returned in about an hour, appellant having stated that the fine and cost amounted to $30. It was agreed that the amount might be paid in installments. Appellant accepted $15, for which a re-

[1] The statement apparently had reference to fine and costs.

ceipt was given. It read: "Balance, $15 as forfeiture on fine and cost, possessing liquor." Later, according to McDaniel, three payments were made to Lamb: one for $10, one for $4, and one for $1. McDaniel was not able to produce the ten-dollar receipt, but exhibited another, dated October 13 (unsigned) evidencing payment of $5, and marked, "balance $1." He testified $4 was paid at the time the receipt was written, but that the remaining dollar was paid at a later date.

It is first insisted that the money collected was based on a future transaction, and therefore does not come within the false pretense statute. False pretense is a misrepresentation of an existing fact or past event, as distinguished from a promise to do something in the future, or a misrepresentation regarding what is to be done in the future. *Lawson* v. *State,* 120 Ark. 337, 179 S. W. 818. In the Lawson case, however, it was held that where the defendant falsely represented himself to be a revenue officer, and that it was within his power to arrest witness, but proposed to "end the matter" for $300, which was given him, the accused was guilty of obtaining money by false pretenses.

In the instant case there was no misrepresentation in respect of the officer's capacity, or identity, but there was a false statement regarding the obligation. Appellant either knew, or by the exercise of slight care could have ascertained, that the fine and costs only amounted to $8.60. Appellant denies having received more than $15. There is convincing evidence that he admitted, prior to trial, that $30 was paid by McDaniel. The explanation was that such payment was "a forfeiture—a sum forfeited when a man didn't want to appear in court."

There was substantial evidence that after receiving the first $15, appellant collected an additional $15. This did not relate to a future transaction.

Exception was taken to the court's refusal to give appellant's requested instruction, shown in the footnote.[2] There is no evidence that the items—costs and fine—

---

[2] "If you find that the defendant collected only $15 from Ern. McDaniel, and the fine, J. P. and constable, and the amount due the sheriff, amounted to the sum collected, then you will acquit the defendant."

934

amounted to $15; hence, refusal to give the instruction was not error. In appellant's brief it is only argued that costs, fine, etc., amounted to "approximately" fifteen dollars.

The strongest proof of appellant's guilt comes from witnesses who testified that when he was confronted with details of the alleged transaction there was an admission that $30 was received. Justification was predicated upon the claim that the payment was a forfeiture.

Affirmed.