JOHNSON *v.* STATE.

4428 · 197 S. W. 2d 936

Opinion delivered December 9, 1946.

*J. H. Brock* and *Linus A. Williams*, for appellant.

*Guy E. Williams*, Attorney General and *Arnold Adams*, Assistant Attorney General, for appellee.

ROBINS, J. Appellant was charged by information with the offense of murder in the first degree for un-

lawfully killing Rinehart Herman Doerr on August 30, 1945, by "striking, bruising and choking him." From judgment, based on trial jury's verdict, finding him guilty of murder in the second degree and sentencing him to imprisonment in the penitentiary for a term of twelve years, he prosecutes this appeal.

For reversal numerous rulings of the lower court as to admission of evidence and as to instructions are urged by appellant as having been erroneous and prejudicial, and it is also contended that the evidence was insufficient to establish the guilt of appellant. In the view we take of the case, it is unnecessary to discuss any assignment of error except that relating to the sufficiency of evidence.

The evidence against the accused was entirely circumstantial. In such cases it is required that the evidence relied on must show the guilt of the accused to a moral certainty and must exclude every other reasonable hypothesis than that of the defendant's guilt. Judge Butler, speaking for the court, said in the case of *Bowie v. State,* 185 Ark. 834, 49 S. W. 2d 1049, 83 A. L. R. 426: "This demands that in a case depending upon circumstantial evidence the circumstances relied upon must be so connected and cogent as to show guilt to a moral certainty, and must exclude every other reasonable hypothesis than that of the guilt of the accused. Circumstances, however strong they may be, ought never to coerce the mind of the jury to a conclusion of guilt if they can be reconciled with the theory that one other than the defendant has committed the crime, or that no crime has been committed at all."

The evidence in this case, when given the strongest probative force in favor of the state, as must be done, may be summarized thus:

Appellant, a married man with three children, lived at Lamar, a few miles east of Clarksville. Doerr, the deceased, was an unmarried farmer, living alone near Clarksville. On August 30, 1945, appellant and Doerr spent a considerable portion of the day together. Both

of them were drinking. In the afternoon they and others hired a taxicab and drove to Russellville where they drank beer. They returned to Clarksville and in the late afternoon appellant and Doerr were seen together going toward and about half a mile from "Ripple Hole," a large pool of water about a mile south of Clarksville on Spadra Creek. An hour or two later appellant was seen in Clarksville, where he hired a taxi to drive him out to the south part of the city. About midnight he was driven to his home at Lamar, where a woman spending the night in his home noticed that his shirt was torn.

On the following afternoon a party of young people swimming in "Ripple Hole" discovered the nude body of Doerr in the water. Officers removed the body. When his body was discovered, Doerr's right hand clutched a stick about three feet long and as large as a man's middle finger, and in his left hand was some "underbrush." There was some discoloration of the skin around his neck. The funeral director who took the body in charge testified that the man had been dead about twenty-four hours—at about 4:30 or 5:00 o'clock on August 31, 1946—when he first saw him. An autopsy performed Saturday night, September 1, 1946, disclosed no water in his lungs and the physicians making the autopsy testified that Doerr had been choked to death, and that he had been dead about forty-eight hours at the time of the autopsy. No clothing belonging to Doerr was ever found, but some ashes containing shoe eyelets, shoe tacks and a "zipper" were found about one hundred yards from "Ripple Hole." There was testimony that Doerr had a pocket book which closed with a "zipper."

Appellant did not testify, but a written statement made to the sheriff after his arrest was read in evidence. In this statement he denied guilt and said that he was not in the company of Doerr on the way to "Ripple Hole" late in the afternoon of August 30th. He claimed he left Doerr in the business district and never saw him any more. There was some corroboration of appellant's explanation as to his whereabouts in the late afternoon and early night of that date.

In the case of *Hall* v. *Commonwealth,* 149 Ky. 42, 147 S. W. 764, the appellant was by a jury found guilty of manslaughter for killing Elijah Wood. The evidence showed that the appellant had been trying to obtain $500 from Wood for some counterfeit money possessed by appellant. The appellant and deceased were seen together a short time before deceased disappeared and appellant was seen going toward the secluded spot where deceased's body was found. There was some evidence tending to show appellant was spending money freely shortly after the killing. The Court of Appeals of Kentucky held that this evidence was not sufficient to sustain the conviction.

*Likewise,* in the case of *Warren* v. *Commonwealth,* 144 Va. 669, 131 S. E. 227, the Supreme Court of Appeals of Virginia held that proof that appellant, deceased and others had been drinking, that deceased and appellant had a fight and deceased ran away toward a railroad track where his mangled body, with two bullet wounds in it, was found some time later was not sufficient to establish that appellant was guilty of murder. The court in that case said: "Mere suspicion, however strong, will not support a verdict of guilty. The burden is on the commonwealth to prove the guilt of the accused beyond a reasonable doubt. . . . In the instant case, there are some circumstances of suspicion, but there is no satisfactory evidence of the guilt of the accused. Suspicion cannot be substituted for proof, nor supply the place of evidence necessary to overcome the presumption of innocence, and for this reason the judgment of the trial court must be reversed."

The facts in the case at bar bear some resemblance to those in the case of *Edmonds* v. *State,* 34 Ark. 720, in which a conviction of murder based on circumstantial evidence was sustained. But there was proved in the Edmonds case a strong motive for the killing of the deceased by Edmonds. This feature—proof of motive or cause for the alleged homicide—is entirely absent in the instant case. No trouble between the parties, no ill will on the part of appellant toward deceased, was

shown by the evidence, nor was there any proof adduced to show that robbery was the motive.

We conclude, that the testimony adduced was not sufficient to establish the guilt of appellant with the certainty that the law requires in cases of this kind. We cannot say that the circumstances shown could not be reasonably explained except upon the hypothesis of appellant's guilt. This language by Mr. Justice Frauenthal, in the case of *Reed* v. *State,* 97 Ark. 156, 133 S. W. 604, where a conviction had been had upon circumstantial evidence, is appropriate here: "It may be that these defendants are guilty of this crime, but, after a careful examination of all the evidence adduced upon the trial and after drawing from it every inference that is rightfully deducible therefrom, we do not think that it was sufficient to warrant the defendants' conviction of this crime. *France* v. *State,* 68 Ark. 529, 60 S. W. 236. It may be that on a future trial additional evidence may be introduced showing their guilt. The evidence that was introduced upon the trial below we think too slight to justify a conviction."

The judgment of the lower court is, therefore, reversed and the cause remanded for a new trial.