ANDERSON *v.* STATE.

4830           290 S. W. 2d 846

Opinion delivered June 4, 1956.

*W. H. Drew,* for appellant.

*Tom Gentry,* Attorney General, *Thorp Thomas,* Asst. Atty. General, for appellee.

ED. F. McFADDIN, Associate Justice. Information was duly filed against the defendant (appellant), Lon Anderson, charging that: "The said defendant on the 16th day of August, 1955, in Drew County, Arkansas, did unlawfully obtain the sum of $60.00 from Elliott Morgan and Alf Sanders by false impersonation, false pretense and false token, against the peace and dignity of the State of Arkansas." (See § 41-1901 Ark. Stats.). In response to defendant's motion, a Bill of Particulars was filed, which stated:

"That the defendant, Lon Anderson, did unlawfully obtain money from A. W. Sanders by: (a) False Impersonation — that he introduced and represented himself to be a Mr. Crosby, a representative of the International Paper Company, of Bastrop, Louisiana;

"(b) False Token — that he represented to the said A. W. Sanders that a certain pick-up truck in Monticello was for sale and showed the truck to the said A. W. Sanders, when in fact said truck was not for sale and Lon Anderson did not know the owner of said truck; and

"(c) False Pretenses — he obtained money in the amount of $60.00 from A. W. Sanders in Monticello, Arkansas, by falsely pretending to be in a position to arrange a bargain sale for a pick-up truck that did not exist, by falsely pretending to have the title transferred, by falsely pretending to make phone calls, and falsely showing said Sanders a pick-up truck that was not for sale."

On the said information and Bill of Particulars the defendant was tried and convicted; and on this appeal urges, *inter alia,* the points now to be discussed.

I. *Representation As Distinguished From Promise.* At the conclusion of all the evidence, the defendant moved the Court:

"Defendant demurs to the evidence presented by the State in that the testimony of the State's witnesses conclusively prove that the alleged transaction was a promise to take place in the future and as such cannot be false pretenses, and I therefore move for a directed verdict."

The Court overruled the motion; and there was no error in such ruling. The evidence established that the defendant approached A. W. Sanders and introduced himself as being a Mr. Crosby, and holding a responsible position with the International Paper Company, and being interested in making contracts with parties to cut and haul pulpwood timber for that Company. In discussing the proposed pulpwood contract with Sanders and several others, the defendant told Sanders that he could purchase a 1955 Chevrolet pick-up truck for $1,000.00, provided Sanders would pay $60.00 cash as interest. The story that the defendant told Sanders was: that a boy at Monticello owned the 1955 pick-up truck; that the boy had been recalled to the army; that the boy would sell the defendant the truck for $1,000.00 but would not sell it to anyone else at that figure; that the deal would have to be kept very quiet in order that some of the boy's relatives might not interfere; and that he would then have many months to pay the consideration of $1,000.00.

The defendant persuaded Sanders to go to Monticello and there showed Sanders a parked truck as being the one that Sanders was to receive. Sanders gave the defendant the $60.00 and defendant went into a store and returned and explained that a lady in Star City had to sign the title papers. Sanders stayed in Monticello and a friend of Sanders drove the defendant to Star City, where the defendant disappeared. After waiting

several hours and learning that the truck had been driven away, Sanders became suspicious and reported the entire transaction to the law enforcement officers, who located and arrested the defendant.

We have many cases which discuss the distinction between *representation* and *promise* in prosecutions for false pretense. Some such cases are: *State* v. *Vandimark,* 35 Ark. 396; *Parker* v. *State,* 98 Ark. 575, 137 S. W. 253; *Higgins* v. *State,* 141 Ark. 633, 217 S. W. 809; *Fisher* v. *State,* 161 Ark. 586, 256 S. W. 858; and *Lamb* v. *State,* 202 Ark. 931, 155 S. W. 2d 49. That some of the defendant's statements to Sanders were promises, as distinguished from representations, does not conceal the fact that material portions of the defendant's scheme were positive representations; he said his name was Crosby; that his work was to employ persons to cut and haul pulpwood; and he pointed out a particular truck as being the one that Sanders was to get for the $60.00 paid, plus the future payments to be made. All of these were representations of past or existing matters. That the transaction was to be shortly consummated did not make prospective some of the vital representations which caused Sanders to part with his $60.00. The Court was correct in refusing defendant's motion for an instructed verdict.

II. *Proof of Falsity Of The Representation.* One of the essential ingredients of the offense of false pretense is that the representation made must be false, and the burden is on the prosecution to prove such falsity. *State* v. *Asher,* 50 Ark. 427, 8 S. W. 177; *Fox* v. *State,* 102 Ark. 451, 145 S. W. 228. That the defendant made all the representations hereinbefore mentioned is not denied, since he offered no evidence. But the burden was on the State to prove that material representations were false; and on this point the evidence is too scant to sustain the conviction. For instance, there is no sufficient evidence that the truck pointed out to Sanders was not owned by a boy who was going to the army and who was willing to sell it for $1,000.00. Again, the defendant went into a store for the announced purpose of consulting the owner of the truck and came back and

reported a conversation; yet there is no evidence that the reported conversation did not take place. In one instruction (which was refused) the defendant asked the Court to tell the Jury:

"In the case before you there is evidence of false impersonation of a representative of International Paper Company by Lon Anderson, but the proof fails in any manner whatsoever to show that anything was received from anyone under such false impersonation."

This instruction, requested by the defendant, is almost an admission that he had falsely impersonated another; yet we cannot take this refused request as an admission of the falsity of material representations. In the absence of sufficient evidence of the falsity of the representations, we have concluded that justice will best be accomplished by reversing the judgment of conviction and remanding the case for a new trial, so that sufficient evidence may be offered as to the falsity of the defendant's material representations. There is ample precedent for remanding the case for a new trial in such a situation as this. See *Reed* v. *State*, 97 Ark. 156, 133 S. W. 604; *Johnson* v. *State*, 210 Ark. 881, 197 S. W. 2d 936; *Taylor* v. *State*, 211 Ark. 1014, 204 S. W. 2d 379; *Grigson & Gibson* v. *State*, 221 Ark. 14, 251 S. W. 2d 1021. In *Johnson* v. *State, supra,* Mr. Justice ROBINS used this language:

"We conclude that the testimony adduced was not sufficient to establish the guilt of appellant with the certainty that the law requires in cases of this kind. We cannot say that the circumstances shown could not be reasonably explained except upon the hypothesis of appellant's guilt. This language by Mr. Justice FRAUENTHAL, in the case of *Reed* v. *State*, 97 Ark. 156, 133 S. W. 604, where a conviction had been had upon circumstantial evidence, is appropriate here: 'It may be that these defendants are guilty of this crime, but, after a careful examination of all the evidence adduced upon the trial and after drawing from it every inference that is rightfully deducible therefrom, we do not think that it was sufficient to warrant the defendants' conviction of this

crime. *France* v. *State*, 68 Ark. 529, 60 S. W. 236. It may be that on a future trial additional evidence may be introduced showing their guilt. The evidence that was introduced upon the trial below we think too slight to justify a conviction.', The judgment of the lower court is, therefore, reversed and the cause remanded for a new trial."

III. *Other Assignments.* There are other assignments which we find unnecessary to consider.

Reversed and remanded for new trial.

Justice ROBINSON dissents.