Augustus Ray STUDDARD *v*. STATE of Arkansas

5297                                            419 S. W. 2d 134

Opinion delivered September 25, 1967
[Rehearing denied October 30, 1967.]

74

*Paul K. Roberts,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

PAUL WARD, Justice. Appellant, Augustus Ray Studdard, was charged with grand larceny for stealing a Ford pickup truck on December 4, 1966. By agreement, a jury was waived and the case was tried before the presiding judge. Appellant was found guilty and sentenced to serve five years in the State Penitentiary—the last two years being suspended with certain contingencies.

It is not disputed that the truck was taken from its owner, in Hot Springs, in the late afternoon of the 4th and that it was found (almost a complete wreck) near the main highway near Mt. Ida at about midnight of the same day.

In general terms, we here set out briefly below the opposing versions of appellant and the State.

Appellant, who testified at the trial, contends: he met some boys in Hot Springs about seven p.m. on the 4th who said they were headed for Fort Smith; he decided to go with the boys because six boys were after him and he wanted to get out of town, and also because he wanted to see a girl friend; when they went to the car (being driven by the boys) he saw a pickup truck attached to the rear end; on the way to Ft. Smith the boys told him the truck was ''hot''; just before they reached Mt. Ida the truck broke loose from the car and ran off the road; then he told the boys he didn't want

to get into trouble, and that he was going back to Hot Springs, and; he returned in a car driven by Jerry White at his invitation.

The State, in essence, contends: appellant's story about the taking and wrecking of the truck is not true; appellant's own statement to others shows that he took the truck, and; that he was driving it at the time it was wrecked.

On appeal appellant's only contention for a reversal is that the testimony "is not sufficient to sustain a verdict of guilty. . ."

For reasons hereafter set out, we are unable to agree with appellant's contention.

Appellant takes the position that he was convicted solely on circumstantial evidence, citing (among other cases) *Reed* v. *State,* 97 Ark. 156, 133 S. W. 604; *Johnson* v. *State,* 210 Ark. 881, 197 S. W. 2d 936, and; *Taylor* v. *State,* 211 Ark. 1014, 204 S. W. 2d 379. In all these cases the convictions were reversed, there being only circumstantial evidence to support the convictions. We agree that, in such cases, the evidence must be strong and convincing—as was well stated in the *Taylor* case, *supra,* where we find this statement:

> "This demands that, in a case depending upon circumstantial evidence, the circumstances relied upon must be so connected and cogent as to show guilt to a moral certainty and must exclude every other reasonable hypothesis than that of the guilt of the accused."

Although, in the case under consideration here, no one saw appellant actually take the truck, we think there is more than circumstantial evidence to support the conviction—as presently pointed out.

(a)   Appellant does not deny that he rode back to Hot Springs with Jerry White: White testified as follows:

Q.   "Would you tell the court what he had to say?

A.   "Well, right after we picked him up he said that he was the driver of the truck and he said he didn't want to say anything until he got to know us a little bit but being we was so nice to him he was going to tell us, he said he thought we ought to know.

Q.   "You mean he told you he was the driver of the truck there that had been wrecked?

A.   "Yes, sir."

Again, White testified:

Q.   "And he explained to you that after these six boys got after him he had time to go steal a truck, is that right?

A.   "If I recollect right he said he had to find a way to get away from them. These boys was wanting to fight him or something there and he was trying—I didn't ask him all the details because I didn't figure it was none of my business."

Appellant, at the time he was arrested by an officer on his return to Hot Springs, admitted that he picked up the truck "and wrecked it".

Although this case was tried before the trial court, by agreement, still we must view the sufficiency of the evidence as though it was tried before a jury.

Appellant stresses the fact that, as was admitted by the trial court, there were discrepancies and contradictions in the testimony of some of the State's witnesses— such as: White could not remember whether appellant

was with him when he went from the wreck back to Mt. Ida before returning to Hot Springs; White's story differed as to just where he picked up appellant; White was not sure whether the truck was a G.M.C. or a Chevrolet; the witnesses did not agree as to the extent of damages to the truck, and; appellant denied he told White he was the driver of the truck when it was wrecked. It is also shown that appellant made contradictory statements as to how he got back to Hot Springs.

In any event, these contradictions in the testimony posed questions of fact for the trial judge (sitting as a jury) to resolve. In our opinion the evidence was sufficient to support the verdict.

Affirmed.