Scottie Lee STEWART *v.* STATE of Arkansas

CR 74-12                                        509 S.W. 2d 298

Opinion delivered May 20, 1974

*Robert L. Pierce,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Scottie Lee Stewart was found guilty on two different counts of having obtained personal property by false pretense in violation of Ark. Stat. Ann. § 41-1901 (Repl. 1964). For reversal he contends that the trial court erred in permitting the State to amend the information so as to change the nature of the crime.

The information charging appellant with violation of Ark. Stat. Ann. § 41-1901, alleged that appellant "... did unlawfully ... with intent to defraud ... obtain a check from Claudine Ryals in the amount of $1,950 drawn on the First National Bank of Topeka, Kansas, against the peace and dignity of the State of Arkansas." The second information made substantially the same allegation except the check was in the amount of $2,800.

The record shows that appellant, who was having a clandestine affair with Claudine Ryals, would give her checks for money he was allegedly hiding from his ex-wife to be placed in Ryals' bank account. Soon after he would give her a check he would ask her to write him a check for substantially

the same amount. After writing the first such check she received a notice from her bank that appellant's check was no good. Appellant asserted that there was some kind of a mix-up and took the check. Thereafter, Ryals heard nothing further from the bank. Appellant continued to write checks to her to be deposited in her bank account and she in turn would accommodate him by writing checks to him upon demand. Other proof on the part of the State showed that appellant through the use of the checks on Ryals' bank accounts was "kiting" checks through his Twin City Bank account in North Little Rock and that because of such conduct the Twin City Bank had been defrauded of $1,950 on one check issued by Ryals and $2,800 on another check issued by Ryals. When appellant was arrested, the officers found in his automobile, the several notices from Ryals' Topeka, Kansas bank notifying her that the several checks issued by appellant were no good. Since appellant had free access to Ryals' residence, the trial court could have concluded that appellant had intercepted the notices to prevent Ryals from knowing of his scheme.

Ark. Stat. Ann. § 41-1901 (Repl. 1964), provides:

"Every person. . .who with intent to defraud . . . shall designedly . . . by . . . oral false pretense, obtain a signature to any written instrument . . . upon conviction thereof, shall be deemed guilty of larceny, . . ."

This was the nature of the offense charged in the information and as we held in *Fisher* v. *State,* 161 Ark. 586, 256 S.W. 858 (1923), it was not necessary for the State to show that Ryals here sustained an actual loss. Of course the proof that appellant had defrauded the Twin City Bank was competent to show that appellant obtained the checks from Ryals with the intent to defraud. Consequently, we cannot see how the trial court committed prejudicial error when it amended the pleadings to conform to the proof that did not in any way change the offense charged nor the admissibility of the evidence upon which the State relied.

Affirmed.