TURNER *v.* WALNUT RIDGE.

Crim. 3829

Opinion delivered February 6, 1933.

*Beloate & Beloate,* for appellant.

*W. P. Smith,* for appellee.

SMITH, J. A decision of the question of the sufficiency of the testimony to support the conviction of appellant upon a charge of possessing intoxicating liquor for the purpose of sale is decisive of this appeal, and we consider no other question.

The testimony, competent or otherwise, tending to support the conviction of the appellant is to the following effect.

W. E. Archer testified that he went to appellant's home to search it for liquor. Appellant was not at home, and his wife objected to a search of the house in her husband's absence. Witness went to a back porch and found that some one had poured out some liquor, which

was running through a crack in the floor. Witness called for appellant, and they returned together to the house. Appellant admitted he had five gallons of grape juice, which he said he had made for his own use.

William Buchanan, the marshal of the city of Walnut Ridge, testified that he had had quite a bit of complaint about appellant as a "king" bootlegger. He and witness Archer went to the house together. When they were denied the right to search the home in the absence of appellant, witness went to town in his car and returned with appellant. Upon his return to the house he found that something had been poured out on the back porch which smelled like whiskey. They found nothing except a five-gallon glass jar filled with grape wine. Witness supposed appellant's wife destroyed something on the back porch which smelled like whiskey.

Cliff Wilkerson went with the officers to appellant's home, and he saw appellant's wife pour out something on the back porch which witness thought was whiskey. This witness also saw the wine.

The testimony did not show the kind or the capacity of the container out of which the whiskey was poured, whether a bottle, or a jug, or what not, and no witness testified that appellant had, at any time, ever sold any intoxicating liquor at his home or elsewhere.

The Supreme Court of the United States, in the very recent case of *Grau* v. *United States,* 287 U. S. 124, 53 S. Ct. 38, said that: "While a dwelling used as a manufactory or headquarters for merchandising may well be and doubtless often is the place of sale, its use for those purposes is not alone probable cause for believing that actual sales are there made."

This was a liquor case, and it will be observed that the Supreme Court of the United States said that the use of a dwelling as a manufactory or headquarters for merchandising was not even probable cause for believing that actual sales are there made, upon which an affidavit might be predicated to obtain a search warrant.

We are not required to go to this .extent to reach the conclusion that there was no sufficient testimony to sustain the conviction of appellant for possessing liquor for the purpose of sale.

The testimony recited raises a serious suspicion that appellant had intoxicating liquor at his home for the purpose of sale; but convictions cannot be sustained upon suspicion merely. There must be testimony which, when given its highest probative value, proves that the accused had committed the offense charged. As was said in the case of *Reed* v. *State,* 97 Ark. 156, 133 S. W. 604, (to quote the headnote in that case): "Mere circumstances of suspicion are not sufficient to support a conviction of crime, which must be established by substantic evidence to the exclusion of a reasonable doubt."

Having reached the conclusion that the testimony is insufficient to sustain the verdict, the judgment must be reversed, and the cause will be dismissed.