Davis *v.* State.

Criminal 4096

Opinion delivered July 4, 1938.

*E. M. Ditmon,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

Mehaffy, J. Information was filed by the prosecuting attorney in the municipal court of Fort Smith charging appellant with the crime of operating a motor vehicle while under the influence of liquor. Appellant was fined $100 and sentenced to 90 days in jail. An appeal was prosecuted to the circuit court; the jury returned a verdict finding the appellant guilty and fixing the fine at $150.

Section 6707 of Pope's Digest provides: "It is unlawful and punishable as provided in subdivision (b) of this section for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle within this state.

"(b) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than 10 days nor more than 1 year, or by fine of not less than $100 nor more than $1,000, or by both such fine

and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than 90 days nor more than 1 year, and, in the discretion of the court, a fine of not more than $1,000.

"The commissioner shall revoke the operator's or chauffeur's license of any person convicted under this section."

Appellant contends for reversal, first, because he says the verdict is contrary to law. His contention is that the information does not charge any offense because it omits the word "intoxicating," and simply charges the crime of operating a motor vehicle while under the influence of liquor.

The case was tried in the municipal court and appealed to the circuit court and tried there, and appellant did not contend at any time that the information was insufficient.

In 1936, the people of the state of Arkansas adopted Initiated Act No. 3. The purpose of that act was to amend, modify and improve judicial procedure in the criminal law, and for other purposes. Section 22 of said act states what the contents of indictments shall be. The form of indictments is prescribed by § 23 of said act, and § 24 provides for an amendment, or that the state's attorney may file a bill of particulars. The appellant did not request any amendment, or any bill of particulars, and did not suggest that the information was insufficient.

Section 3836 of Pope's Digest reads as follows: "No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

The record in this case makes it clear that the defect in the information did not tend to prejudice the substantial rights of the defendant on the merits. It shows that he himself knew he was being tried for driving an automobile while he was under the influence of intoxicating liquor. He filed an appeal bond in which he stated that he had been convicted on a charge of drunken driving. This appeal bond was filed May 3, 1937. Then appellant filed an amendment to motion to reinstate the appeal, and

in that pleading of appellant he states that he was arrested on the charge of driving a car while under the influence of intoxicants. This motion of appellant was sworn to and he states that he has read the petition and that the facts and matters set forth are true. This affidavit was made on December 6, 1937. He was tried in the circuit court on March 17, 1938, and the record in the circuit court shows that the charge was driving while under the influence of intoxicating liquor.

In appellant's motion for a new trial, he states several reasons, but does not, anywhere in his motion, state that the information was insufficient.

In appellant's testimony, he states that at the time he was arrested the officer told him he was under arrest for driving a car while drunk, and that he denied being drunk or under the influence of intoxicating liquor.

In misdemeanor cases the appellant is required to file with the clerk an abstract or abridgment of the transcript, as in civil cases.

Rule 10 of this court reads as follows: "In misdemeanor cases the appellant shall file with the clerk when the case is subject to call for submission under the statute an abstract or abridgment of the transcript as in civil cases. He shall also deliver a copy of said abstract and of his brief to the attorney for the opposite party; and in all criminal cases the attorney general shall have two weeks after the brief of the appellant is filed or due to be filed within which to file the brief of the appellee, and such further abstract as he may deem necessary to a fair determination of the case, and the appellant shall have one week thereafter in which to reply."

The appellant was not charged in an indictment by the grand jury, but on information filed by the prosecuting attorney. The rule in C. J. is stated as follows: "Even in the absence of a statute, informations, not being found upon the oath of a grand jury, but filed by the public prosecutor, may be amended either in matter of form or substance by leave of court at any time before trial, even after motion to quash, demurrer or plea." 31 C. J. 826; 22 Cyc. 436.

Under the initiated act above referred to, the information could have been amended or a bill of particulars filed, but it appears that information, especially in misdemeanor cases, even in the absence of statutes, may be amended.

The record in this case all the way through, however, indicates that the appellant knew he was being tried for driving a motor vehicle while under the influence of intoxicating liquor, and the evidence is ample to justify the jury in rendering the verdict it did.

Appellant urges that the court erred in refusing to give certain instructions. He does not make any abstract of the instructions, does not set them out anywhere as required by the rule of this court. However, we have carefully examined the instructions given and refused, and have reached the conclusion that there was no error committed in giving or refusing to give instructions.

The judgment of the circuit court is affirmed.