BUDD *v.* STATE.

4134                                    131 S. W. 2d 933

Opinion delivered October 2, 1939.

*Sullins & Sullins* and *Mayes & Mayes,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

McHANEY, J.  Appellant was charged by information before a justice of the peace with the crime of misdemeanor, in that "on or about the 11th day of December, 1938, unlawfully did drive and operate a certain motor vehicle while in drunken and intoxicated condition, against the peace and dignity of the state of Arkansas."  Trial to a jury before the justice of the peace resulted in a verdict of guilty and a fine of $200, on which judgment was entered.  On appeal to the circuit court he

was again tried and convicted, and his punishment was fixed at $100 fine and ten days in jail. From this latter judgment comes this appeal.

For a reversal of the judgment against him, it is suggested, but not argued or relied on for a reversal, that the information failed to allege that appellant was on a public street, public place or public highway. If the appellant thought the information insufficient in this particular, he should have raised the question in some way, either by demurrer, motion in arrest of judgment or a motion for a bill of particulars as provided in initiated act No. 3 (Acts 1937, p. 1384). Moreover, the question is not raised in the motion for a new trial. For any or all of these reasons this suggestion of error is not well taken.

The only other assignment of error urged, indeed the only one raised in the motion for a new trial, is that the evidence was insufficient to sustain the judgment. In considering this assignment, our rule is that we must view the evidence in the light most favorable to the state, and if there is any substantial evidence to support the verdict, it will be sustained.

The car in which appellant was riding and which it is charged he was driving was being driven north on highway 71 toward Fayetteville. Aubrey Yates testified that on the 11th day of December, 1938, he was driving south from Fayetteville on the same highway; that close to Westfork or Woolsey, a short time before dark, he met a car which ran into him; that he saw the car two or three hundred yards away before it got to him, and that it was using both sides of the highway, going from one side of the road to the other; that he slowed his car down and pulled over on the right-hand side as far as he could, with both wheels off the pavement, and had almost stopped his car when the other car hit him. He pointed out appellant as the man who was driving the car, and further testified that, after the accident, appellant came toward him, his hat off, his face flushed and was excited. Appellant was arrested in Fayetteville by State police officers. Prior to making the arrest, they went to the scene of the accident, but appellant's car was

gone; that they came back to Fayetteville and found his car near the jail with marks on the fenders where it had hit the bridge; that appellant was in the car trying to start it and was so drunk that he couldn't walk by himself, had to be helped into the jail. His testimony was corroborated by other evidence. Appellant did not testify, but offered evidence to the effect that some one else was driving the car at the time of the accident. This made a disputed question of fact for the jury, and the evidence on behalf of the state was substantial that appellant was driving his car when the accident occurred, and that he was intoxicated at the time.

Under the well-settled rule announced above, the judgment must be affirmed.