BURRELL v. STATE.

4252                                       160 S. W. 2d 218

Opinion delivered March 30, 1942.

A. M. *Coates*, for appellant.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellee.

GREENHAW, J. Appellant was charged, by information, with the crime of possessing alcoholic liquors upon which the Arkansas tax had not been paid. The information was based on § 13, art. VI of act 108 of the Acts of 1935, as amended by § 4 of act 356 of the Acts

of 1941, providing that anyone possessing intoxicating alcoholic liquors not obtained under and in conformity with the provisions of the act should be guilty of a felony.

Appellant was convicted and fined in the sum of $500. After setting out the verdict, the judgment contained the following paragraphs:

"It is therefore considered, ordered and adjudged by the court that the defendant is guilty of possessing untaxed whiskey and the court doth fix his punishment at a fine of $500.

"It is further ordered and adjudged by the court that if the fine be not paid or secured to be paid to the satisfaction of the sheriff, defendant be delivered to the superintendent of the county farm and there worked at the rate of seventy-five cents per day until such fine and costs are fully paid."

Appellant has assigned a number of errors. It is first contended that the court should have directed a verdict in his favor, and that the evidence was insufficient to sustain conviction.

The evidence shows that in May, 1941, deputy sheriffs of Phillips county watched a woman known to be a bootlegger go to the home of appellant, and leave with a package. This woman was immediately taken into custody, and it was discovered that she had a gallon of whiskey, which she stated she obtained from the wife of appellant. The officers made a further investigation at the home of appellant, and found a gallon jar of whiskey buried near the water pipes in the yard, and four gallons of whiskey, in one-gallon jars, buried in the hen house. Appellant was not at his home at the time the liquor was discovered. He was later arrested, charged with possessing untaxed liquor, and admitted that the hen house where the four gallons were found was on his premises, but denied that the liquor belonged to him or that he was in any manner connected therewith.

The evidence further shows, however, that appellant had been in the liquor business for some time, and that he had been convicted several times on liquor

charges. One of the officers testified that about a year previous to this case he apprehended appellant with six gallons of whiskey which was still warm in his car, and appellant was fined $100 therefor on a plea of guilty. This evidence was admissible under § 7, art. VI of act 108 of 1935.

Appellant did not testify in the instant case, the only witnesses being the three officers who made the investigation and the arrest. One of the officers testified that he examined the liquor, and that it was "moonshine." The containers did not bear any revenue stamps showing that the tax had been paid thereon, nor was there any evidence that there had ever been any stamps placed on these containers.

It is our opinion that there was sufficient evidence to sustain a conviction in this case. ". . . it is also a well-settled rule that the evidence admitted at the trial will, on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury it will be sustained." *West* v. *State,* 196 Ark. 763, 120 S. W. 2d 26; *Daniels v. State,* 182 Ark. 564, 32 S. W. 2d 169; *Walls & Mitchell* v. *State,* 194 Ark. 578, 109 S. W. 2d 143; *Brown* v. *State, ante,* p. 109, 155 S. W. 2d 722.

The court properly refused to direct a verdict for appellant, as the rule is established that if the evidence is sufficient to convict appellant it is not error for the trial court to refuse to direct a verdict. *McDougal* v. *State,* 202 Ark. 936, 154 S. W. 2d 810.

It is next contended that the allegations in the information did not constitute an offense under the laws of the state of Arkansas. We think that the information alleged an offense under act 108 of 1935. One of the requirements of that act is that liquor sold in this state should bear strip stamps of the Arkansas Revenue Department. The allegation that appellant was in possession of liquor upon which the Arkansas tax had not been paid was sufficient to bring it within the provisions of § 13, art. VI of act 108. Although the information does not follow the language of the act, it was

sufficient to inform appellant of the nature of the offense with which he was charged, and for which he would be tried. If appellant thought the allegations were indefinite or insufficient, he had the right to raise this question before trial and ask for a bill of particulars, which was not done. See § 3851, Pope's Digest; *Davis v. State,* 196 Ark. 721, 119 S. W. 2d 527; *Budd* v. *State,* 198 Ark. 869, 131 S. W. 2d 933.

Appellant has assigned other errors. We think none are tenable, except his contention that that part of the judgment of the lower court which orders him delivered to the superintendent of the county farm, in the event the fine is not paid, and there worked at the rate of seventy-five cents per day until the fine and costs are fully paid, is void. A careful consideration of this case convinces us that this contention is meritorious and will have to be sustained.

Acts 108 and 109 of 1935 were enacted for the purpose of regulating the liquor business in Arkansas. Section 13, art. VI, act 108, provides that any person who has in his possession intoxicating alcoholic liquor not obtained under and in conformity with the provisions of the act, shall be deemed guilty of a misdemeanor and shall, upon conviction, be fined not less than $5 nor more than $100, or imprisoned for not exceeding three months, or both so fined and imprisoned.

The 1941 Legislature, by act 356, amended various sections of act 108 and one section of act 109 of 1935, raising the offenses from misdemeanors to felonies. Section 4 of act 356 reads in part as follows:

"That § 13 of article 6 of act 108 of the Acts of the General Assembly for 1935 be amended to read as follows: " 'Any person who has in his possession intoxicating alcoholic liquors not obtained under and in conformity with the provisions of this act, shall be deemed guilty of a felony and shall, upon conviction, be fined not less than $500 nor more than $1,000, or imprisoned for not exceeding 12 months in the Arkansas State Penitentiary, or both so fined and imprisoned'."

Clearly, the Legislature intended to increase the offense set out in § 13, art. VI of act 108 from a mis-

demeanor to a felony. The fact that the amendment provided imprisonment in the Arkansas penitentiary would have been sufficient to make it a felony, under § 2922 of Pope's Digest, but the Legislature further specifically stated that "any person who has in his possession intoxicating alcoholic liquors . . . shall be deemed guilty of a felony."

Although under this amendment it is optional with the jury to fix the punishment at imprisonment in the Arkansas penitentiary, or at a fine, or at both fine and imprisonment, the offense is not reduced from a felony to a misdemeanor in the event a fine only is assessed.

In the case of *State* v. *Waller*, 43 Ark. 381, the defendant was indicted for slander under the statute which is now § 3026 of Pope's Digest, making slander punishable by imprisonment in the penitentiary, by fine, or by both. The question arose as to whether the crime was a felony or a misdemeanor. In holding slander to be a felony, and punishable as such, the court said: "The same acts cannot at the same time constitute a felony and a misdemeanor. They cannot co-exist as a result of one and the same transaction. The crime must be one or the other, not both or either. . . . We must hold as the better established doctrine of strict law, that in this state, slander is a felony by force of the statute, and that it is none the less so because the judge may mitigate the punishment by inflicting such as is appropriate to misdemeanors." This case was cited in the annotations to the case of *W. A. Fletcher* v. *Commonwealth of Virginia*, 95 A. L. R. 1112, showing that the holding of this court is in accord with the majority rule in this country.

Since under § 4 of act 356 of 1941 this offense was made a felony, and since there was no provision for imprisonment upon failure to pay the fine provided for in the act, the court was without jurisdiction to order the defendant delivered to the superintendent of the county farm.

Such was the holding in the case of *Cheaney* v. *State*, 36 Ark. 74, which has not been overruled, and which is controlling here. Appellant there was convicted under

a statute which provided punishment of imprisonment not exceeding two years in the penitentiary, and a fine of not exceeding $5,000. The jury assessed his punishment at imprisonment in the penitentiary for one year, and a fine of $1,000. It was contended in that case that the court erred in so much of the judgment as sentenced the defendant to further imprisonment in the penitentiary, in the event he failed to pay the fine and costs, after he had served the penitentiary sentence imposed by the verdict.

This court said in that case:

"So, after the passage of this act (act December 17, 1838, modifying the penal code to correspond with the establishment of a penitentiary), it was in misdemeanors only that persons were subject to imprisonment in jail for fines and costs, under the provisions of the Revised Statutes. . . .

"By act of March 10, 1877, the last act on the subject, a person convicted of any misdemeanor or petty offense, in any of the courts of this state, and committed to jail in default of payment of fine and costs, is required to discharge the same by manual labor on public works, or be hired out until the fine and costs be paid, at not exceeding one day for each seventy-five cents of the fine and costs.

"In all our penal legislation, when the word imprisonment only is used, it is understood to mean imprisonment in a county jail or local prison, and when the Legislature has intended imprisonment in the penitentiary, it has been so expressed.

"After a careful review of all the statutes on the subject, our opinion is that the court below erred in so much of the judgment as sentenced plaintiff in error to imprisonment in the penitentiary until the fine and costs were paid. . . .

"If the Legislature shall deem it good policy and just to imprison persons in the penitentiary for fines and costs, in such felonies as fines may be imposed as part of the punishment, it must be expressly provided for, as was specially done in the slander act.

"But the further question is presented, whether this court will render judgment that if the fine and costs be not paid by plaintiff in error before the term of his imprisonment in the penitentiary for the offense of which he was convicted and sentenced shall expire, he be delivered, on the expiration of the term, by the keeper of the penitentiary to the sheriff of Pope county, to be there imprisoned in the county jail for fines and costs, etc.

"This can not be done under the act of March 10, 1877, because that act expressly applied to fines and costs in misdemeanors and petty offenses only, and not felonies. . . .

"Under the present aspect of the legislation, we shall decline to make any order for his confinement in the county jail for the fine and costs, and leave the state to her remedy by execution against his goods and chattels, lands and tenements, if he has, or may acquire, any."

Before the court has jurisdiction to provide, upon a conviction of a felony, a term of imprisonment for failure to pay a fine, such procedure must be authorized under the act itself, or otherwise provided for by law. When the 1941 Legislature by act 356 changed the offense set out in § 13, art. VI of act 108, from a misdemeanor to a felony, it did not provide for imprisonment of a defendant for his failure to pay a fine assessed under the act. Further, we have been unable to find any other authority under which such an order could be made.

It is our opinion, therefore, that where a fine is assessed against the defendant under § 4 of act 356, he cannot be confined in either the penitentiary or the county jail for failure to pay the fine. We realize that under such a holding some persons who are insolvent or execution proof might escape punishment where fines only are assessed against them. However, it is the province of the Legislature, and not the court, to remedy this situation. The Legislature has the power to fix a penalty of imprisonment for nonpayment of fine and costs in felony cases, as was done in our slander statute. Pope's Digest, § 3026.

This court cannot read into this act provisions for punishment by imprisonment for failure to pay a fine which the Legislature entirely omitted, and for which there is no other statutory authority, and this is especially true in view of the penal nature of the act. In *Johnson v. Lowman*, 193 Ark. 8, 97 S. W. 2d 86, this court said: "The courts have no power to legislate or to construe a statute to mean anything other than what it says, if it is plain and unambiguous. 25 R. C. L. 962, 963."

In Lewis' Sutherland on Statutory Construction, vol. 2, 2d ed., p. 962, we find the following statement: "The rule that penal laws are to be construed strictly is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the Legislature, and not in the judicial department. It is the Legislature, not the court, which is to define a crime and ordain its punishment."

The judgment of the circuit court, in so far as a fine of $500 and costs are assessed against appellant, must be affirmed, and that part of the judgment which provides that appellant, upon a failure to pay the fine, shall be worked upon the county farm of Phillips county at so much per diem until such fine and costs are paid, must be reversed.

It is so ordered.

Griffin Smith, C. J., (dissenting). All agree a crime was committed and that no error appears unless it be the trial court's judgment in remanding the defendant to jail. A majority think absence of an express mandate in Act 356 to imprison in the county jail for failure to satisfy a fine relieves the convict of all obligation except as for debt. Execution may issue in the nature of a civil proceeding, with levy upon property not exempt, if any there be; and this, notwithstanding the defendant has been convicted of a felony.

But little property is owned by the lawless class sought to be reached. As is correctly stated, it was the legislature's intent to *increase* punishment, not to reduce

it. Since this purpose is obvious, it is not for the courts to nullify that part of the statute authorizing, in the alternative, that a fine be assessed *and collected*. Effect of reversal is to relieve appellant and others similarly situated of even the slightest inconvenience.

Mr. JUSTICE HUMPHREYS joins in this dissent.