HUFFMAN *v*. STATE.

4739                                    259 S. W. 2d 509

Opinion delivered June 22, 1953.

320

*Cole & Epperson* and *W. H. McClellan*, for appellant.

*Tom Gentry*, Attorney General and *Thorp Thomas*, Assistant Attorney General, for appellee.

J. SEABORN HOLT, J. On a charge of possessing intoxicating liquor for sale in a dry county, a jury trial resulted in a verdict finding appellant guilty as charged and assessment of punishment. This appeal followed.

For reversal, appellant first questions the sufficiency of the evidence.

The record reflects that about June 20, 1952, appellant, Huffman, was arrested by State Trooper Montgomery on Highway 270 in Hot Spring County and a gallon of whiskey, contained in four pint bottles and eight one-half pint bottles, was found in appellant's car. Each bottle was enclosed in a separate paper sack. The arrest was made by the officer on information that Huffman was carrying whiskey. Trooper Montgomery and Harris, Deputy Sheriff, testified that a number of reports had come to them that appellant was engaged in the illegal sale of intoxicating liquor at his "Drive-In" Cafe. Harris testified that shortly before appellant's arrest on the present charge that he (Harris) concealed himself in some shrubbery about twenty-five yards away, in the rear of appellant's "Drive-In" and observed bottles of whiskey being passed to customers through their car windows, saw them drinking out of the bottles and following with a soft drink, or chaser. There was evidence that appellant had the reputation of being a bootlegger (admissible in evidence under Ark. Stats. 1947, § 48-940).

Without attempting to detail more of the evidence, we conclude that when the testimony is viewed in the light most favorable to the State, as we must, it was sub-

stantial and sufficient to go to the jury on the issue whether appellant illegally possessed the liquor for sale, (*Coffer* v. *State,* 211 Ark. 1010, 204 S. W. 2d 376; *Grays* v. *State,* 219 Ark. 367, 242 S. W. 2d 701).

In *Freeman* v. *State,* 214 Ark. 359, 216 S. W. 2d 864, we said: "Whether appellant possessed the liquor for the purpose of sale or merely for his personal use was a matter for the jury to determine under the facts and circumstances. The purpose for which liquor is possessed or kept may be shown by circumstantial evidence. . . . The jury had a right to consider the amount of liquor and the number and size of the containers in which it was found, in determining whether appellant would likely procure and possess a gallon or two gallons of whiskey for his personal use in pint containers. Under § 14140 of Pope's Digest (Ark. Stats. 1947, § 48-940) the jury also had a right to consider appellant's reputation for engaging in the illegal liquor traffic in determining his guilt or innocence of the charge."

Next appellant contends that the court erred in giving, over his general objections and exceptions, the following instruction: "1. You are instructed that in arriving at your verdict in this case as to the defendant's guilt or innocence, you may take into consideration the reputation of the defendant in the community in which he lives, as to whether or not he was engaged in the illegal traffic of intoxicating liquors. You may further take into consideration the number of containers in which the liquor was found, if any, and the manner in which it was sacked or wrapped, as well as all the other facts and circumstances in the case, and you are further instructed that circumstantial evidence is competent evidence. And you may convict the defendant upon the circumstantial evidence alone if in your opinion the circumstances in this case convinces you beyond a reasonable doubt as to his guilt. In other words, circumstantial evidence is as competent evidence upon which to base your verdict as direct evidence."

Appellant says: "The instruction was inherently wrong and prejudicial in that it told the jury that it

could take into consideration the reputation of appellant in engaging in the illegal traffic of liquor, without further telling the jury that such could be considered only as tending to show the nature of the business in which the appellant was engaged at the time of the alleged offense. . . . for the reason that the Court commented on the weight of the testimony in that it singled out and told the jury to take into consideration the number of containers of whiskey and the manner in which it was sacked. . . . they could convict on circumstantial evidence alone without further instructing them that such circumstantial evidence must be consistent with appellant's guilt to the exclusion of every other reasonable hypothesis of his innocence.''

We do not agree. The instruction was not inherently erroneous. It was therefore good as against a general objection. The vice in the instruction was not that it amounted to an instruction on the weight that should be given to certain parts of the evidence, (*Hogue* v. *State,* 93 Ark. 316, 124 S. W. 783) but in placing undue emphasis thereon. As indicated, there was no specific objection on the latter ground by appellant. The trial court was therefore not afforded the opportunity to correct the alleged error, and complaint for the first time here comes too late.

The latter part of this instruction relating to a conviction on circumstantial evidence, when read in connection with Instruction No. 4, which the court gave, clearly and fairly declared the law governing convictions on circumstantial evidence. Instruction No. 4 contained this language: ''You are instructed that although it is competent to convict on circumstantial evidence before you would be authorized to convict on such evidence, the facts and circumstances in evidence must point with reasonable certainty to the defendant's guilt and they must be consistent with each other and consistent with the defendant's guilt to the exclusion of every reasonable hypothesis of his innocence.''

Finally appellant argues that the court erred ''in refusing to permit witnesses for the appellant, Joyce

Wheatly Huffman and Vivian Kemp, to testify as to whether conditions around appellant's place of business indicated it was a bootleg joint." This contention is based on the following testimony of these two witnesses offered by appellant. Joyce Huffman testified: "Q. Have you, during the time that you were down there, observed anything to indicate that it was a bootleg joint? A. No, sir. Q. In your cleaning up of the place—," and Vivian Kemp testified: "Q. During the time you worked down there were you reasonably well observant of the business that went on generally? A. Yes, sir. Q. Do you know if your observations were such that you would know if it was a bootleg joint at that time? A. I think so."

Objection was made by the State to the introduction of the testimony of each of these witnesses, which the court sustained over appellant's objections and exceptions. This evidence, in effect, called for the opinions of the witnesses, and there was no error in excluding it. There was no proper foundation laid for such testimony.

"It is a fundamental principle of the law of evidence as administered by our courts, both in civil and criminal cases, that the testimony of witnesses upon matters within the scope of the common knowledge and experience of mankind, given upon the trial of a cause, must be confined to statements of concrete facts within their own observation, knowledge, and recollection— that is, facts perceived by the use of their own senses— as distinguished from their opinions, inferences, impressions, and conclusions drawn from such facts," 20 Am. Jur., § 765, p. 634.

"The determination of whether a nonexpert witness has sufficient knowledge of the matter in question or had sufficient opportunity for observation so as to be qualified to give his opinion or conclusion is largely within the discretion of the trial court, and not ordinarily reviewable upon appeal, unless clearly erroneous," 20 Am. Jur., § 773, p. 645.

We think no abuse of discretion was shown.

On the whole case, finding no error, the judgment is affirmed.