MILLER v. CITY OF HELENA.

4803                                    277 S. W. 2d 841

Opinion delivered April 18, 1955.

*A. M. Coates,* for appellant.

*David Solomon, Jr.,* for appellee.

MINOR W. MILLWEE, Justice. On appeal from the Helena Municipal Court defendant was convicted in Circuit Court for selling unstamped whiskey in violation of Ark. Stats., § 48-934, and for selling whiskey on Sunday in violation of § 48-904. The jury fixed punishment of a fine of $400 and six months imprisonment on the first charge, and a fine of $100 on the second charge. The jury's recommendation that the six months jail sentence be suspended was adopted by the court.

Defendant contends the evidence was insufficient to sustain the verdict. According to the uncontradicted testimony of a Helena policeman and a deputy sheriff of Phillips County, they gave one Willie Butler two one-dollar bills, the serial numbers of which they first listed, on the Sunday in question, and sent him into defendant's house to buy whiskey while the officers waited outside. Shortly thereafter Butler came out of the house with a half pint of unstamped "moonshine" whiskey. The officers immediately went into the house and found the two one-dollar bills on defendant's person and placed him under arrest. Defendant has the general reputation of being a bootlegger and another party with a similar reputation was found asleep in defendant's house at the time of the arrest.

While the foregoing evidence was largely circumstantial it was substantial and sufficient to sustain the verdict under our decisions. Evidence of a similar nature was held sufficient to sustain a conviction in *Dixon* v. *State,* 67 Ark. 495, 55 S. W. 850; *Davidson* v. *State,* 180 Ark. 970, 23 S. W. 2d 615; and *Wimberly* v. *State,* 214 Ark. 930, 218 S. W. 2d 730. As the court stated in *Scott* v. *State,* 180 Ark. 408, 21 S. W. 2d 186: "There is no greater degree of certainty in proof required where the evidence is circumstantial than where it is direct, for in either case the jury must be convinced of the guilt of the defendant beyond a reasonable doubt. They are bound by their oaths to render a verdict upon all the evidence,

1018

and the law makes no distinction between direct evidence of a fact and evidence of circumstances from which the existence of the fact may be inferred. Nichols' Applied Evidence, Vol. 2, § 4, 1065; Underhill's Criminal Evidence, pages 14 and 16."

Affirmed.