THOMPSON *v*. STATE.

4828                                      287 S. W. 2d 465

Opinion delivered February 27, 1956.

*Eugene Coffelt,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice.   Appellant Irene Thompson appeals from a conviction of possessing liquor for sale in a dry county.

First, appellant contends that the trial court should have declared a mistrial because, in his opening statement to the jury, the Prosecuting Attorney said:  "We expect to prove that these people bear the reputation of dealing in illicit liquor and have borne that reputation for some considerable length of time and bear that reputation now

in the community where they reside, that they have received numerous convictions for illicit dealing in liquor." Ark. Stats. 48-940 provides: "In any prosecution or proceeding for any violation of this act [the act which the defendant was charged with violating], the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants." Not only was defendant's reputation for dealing in illicit liquor admissible in evidence under the above mentioned statute, but evidence of convictions for violations of the liquor laws was also admissible. Of course, the Prosecuting Attorney had the right to mention in his opening statement the competent, relevant testimony he relied on for conviction. The statute, as set out above, clearly states that the defendant's reputation with regard to the liquor business is admissible, and this court has held in a large number of cases that evidence of violations and convictions for violating the liquor laws is admissible. *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713; *Casteel* v. *State,* 151 Ark. 69, 235 S. W. 386; *Larkin* v. *State,* 131 Ark. 445, 199 S. W. 382; *Lowery* v. *State,* 135 Ark. 159, 203 S. W. 838; *Burrell* v. *State,* 203 Ark. 1124, 160 S. W. 2d 218.

Appellant also argues that the court erred in not excusing for cause the venireman John E. Brown, alleging: "The juryman clearly displayed that he was prejudiced against the defendant. . . ." We have carefully examined the record, and it does not show any prejudice on the part of Mr. Brown.

Next, appellant states that the evidence is not sufficient to sustain the conviction. It is shown that appellant had the reputation of being engaged in the liquor business; that she had been convicted on prior occasions; that many people were noticed going in and out of the defendant's home, and that, later, these same people would be arrested for drunkenness. It is further shown that people who have the reputation of drinking go to appellant's home frequently. At the time of her arrest, appellant

had in her possession fourteen half pints of liquor of various brands. All of this evidence, when considered together, is sufficient to sustain a conviction of possessing liquor for sale in a dry county.

Finding no error, the judgment is affirmed.