SLAVENS *v.* STATE.

4831                                          287 S. W. 2d 892

Opinion delivered March 12, 1956.

*Eugene Coffelt,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice.    Appellant, Maud Rawlins Slavens, was charged with the illegal possession of intoxicating liquor for the purpose of sale in dry territory, and was convicted after a jury trial.

For a reversal appellant sets forth six separate assignments of error, but these assignments may be grouped and are argued by appellant under two headings, viz: (a) there is no substantial evidence to support the verdict of the jury, and (b) the court erred in permitting the state to prove prior convictions for like offenses.

Testimony on the part of the state: On June 24, 1955 the sheriff and a city officer searched appellant's home and found 12 or 13 half pints of liquor.    The sheriff first found 2 bottles and then appellant went into another room and returned with the other bottles saying ''This is all I've got.    To save you time in searching, this is all I've got here,'' but when the sheriff told her he was going to arrest her for the possession of liquor for sale appellant said the liquor belonged to her husband; The city officer, who was with the sheriff when appellant's

home was searched on June 24, 1955, stated that in September of 1954 he searched her home and found 15 half pints of liquor; A state policeman testified that on August 4, 1954 he searched appellant's home and found some 40 or 50 half pints of liquor; The Mayor of Siloam Springs testified that appellant was convicted on December 1, 1950, for possessing more than one gallon of liquor for sale; A police officer of Siloam Springs testified that on September 15, 1954 he searched appellant's car and found one gallon of liquor in half pint containers, and that in January 1955 he searched appellant's car and found 8 half pints of liquor; The manager of a grocery store in Siloam Springs, located a block and a half from appellant's home, stated that he had seen people going in and out of her home; The Circuit Clerk testified that appellant pleaded guilty on September 17, 1951 to the possession of untaxed liquor for sale in dry territory, and that she pleaded guilty to three liquor charges on April 3, 1951, and; Several witnesses testified that appellant had the reputation of dealing in the illicit sale of liquor. Appellant's husband testified that the liquor which was found on June 24, 1955 belonged to him, and several witnesses testified that appellant had a good reputation.

(a) The above testimony, we think, constituted substantial evidence to support the verdict of the jury. This same conclusion was reached, on somewhat similar facts, in *Freeman* v. *State,* 214 Ark. 359, 216 S. W. 2d 864, and *Huffman* v. *State,* 222 Ark. 319, 259 S. W. 2d 509.

(b) The court did not commit error in allowing the state to prove that appellant had been previously convicted for similar offenses. This point is fully covered and is controlled by the opinion in *Thompson* v. *State,* 225 Ark. 1059, 287 S. W. 2d 465, and the cases cited therein.

Affirmed.