SMITH *v.* STATE.

4956                                     330 S. W. 2d 58

Opinion delivered November 23, 1959.

[Rehearing denied January 11, 1960]

*Virgil Roach Moncrief* and *John W. Moncrief,* for appellant.

*Bruce Bennett,* Atty. General, By: *John T. Haskins,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Leroy Smith, was charged by Information on September 23,

1958, with the crime of Manslaughter. On April 6, 1959, appellant demurred to the information as follows:

"The Defendant Leroy Smith demurs to the information herein and says the information does not charge this defendant with a crime and does not state facts sufficient to charge him with a crime and does not state facts sufficient to charge defendant with voluntary manslaughter and does not state facts sufficient to charge defendant with involuntary manslaughter and information does not state or show what crime the Prosecuting Attorney is attempting to charge against defendant and does not state the nature and cause of the accusation, or either, and does not give defendant sufficient information as to the accusation or the nature or cause thereof and does not furnish him with information sufficient to prepare his defense or to know what is called upon to meet and defendant demurs and moves dismissal and quashing of the information and prays all other proper relief in the premises."

The court overruled the demurrer, to which action appellant noted his exceptions, following which a plea of not guilty was entered by counsel (without waiving appellant's demurrer), and the cause proceeded to trial on April 7th. The jury found Smith guilty of voluntary manslaughter and fixed his punishment at three years confinement in the penitentiary. From the judgment so entered by the court, appellant brings this appeal.

For reversal, appellant contends that the Information is insufficient, does not comply with the requirements of the Constitution, and the court accordingly erred in overruling the demurrer. Further, that Initiated Act No. 3 is unconstitutional insofar as it relates to the required contents of the Information.

The Information, under attack, reads as follows:

"I, W. M. LEE, Prosecuting Attorney, within and for the 17th Judicial Circuit of the State of Arkansas, of which ARKANSAS NORTHERN DISTRICT County is a part, in the name and by the authority of the State of Arkansas on oath, accuse the defendants, LEROY

SMITH and GLENN STIGGER[1] of the crime of Manslaughter committed as follows, to-wit: The said defendants on the 20th day of September, 1958, in Arkansas Northern District County, Arkansas, did unlawfully, and without malice or deliberation, kill one James Johnson, Jr., by shooting him, the said James Johnson, Jr., with a pistol loaded with gun-powder and leaden balls, and held in his, the said Leroy Smith's hands against the Peace and Dignity of the State of Arkansas.''

It is first contended that since appellant was not specifically charged with either *voluntary* or *involuntary* manslaughter, he was not given adequate information as to the nature of the crime with which he stood accused, and the charge did not furnish sufficient details to enable him to properly prepare his defense. Section 41-2207, Ark. Stats. (1947) Anno., defines manslaughter as follows: ''Manslaughter is the unlawful killing of a human being, without malice, express or implied, and without deliberation.'' While subsequent sections specifically define voluntary and involuntary manslaughter,[2] we do not agree that it was necessary that the Information designate the particular category of manslaughter in the formal charge. Certainly, the Information filed by the prosecuting attorney charged appellant with the offense as defined in § 41-2207, and also complied with the provisions of Sections 22 and 23[3] of Initiated Act No. 3, adopted by the people in November, 1936. Section 22 of that Act provides as follows:

''The language of the indictment must be certain as to the title of the prosecution, the name of the court in which the indictment is presented, and the name of the parties. It shall not be necessary to include statement of the act or acts constituting the offense, unless the offense cannot be charged without doing so. * * *''

In the instant case, the title of the prosecution is clear, the name of the court in which the Information is presented is given, and the name of the defendant and of

---

[1] The case against Stigger was dismissed on motion of the prosecuting attorney on November 5, 1958.

[2] Sections 41-2208 and 41-2209, Ark. Stats. (1947) Anno.

[3] Form of Information.

the person killed is definitely stated. Actually, the charge contained more language than was necessary since, under the provisions of Sections 22 and 23, the allegation "with a pistol loaded with gun powder and leaden balls, and held in his, the said Leroy Smith's hands", is no longer essential. We find nothing vague or confusing in this Information, and are unable to comprehend how Smith could have failed to know with what offense he was charged. At any rate, appellant was not precluded from obtaining more specific details. Section 22 also provides: "The State, upon request of the defendant, shall file a bill of particulars, setting out the act or acts on which it relies for conviction."

The people adopted Initiated Act No. 3 as a means of reforming and modernizing our criminal procedure which, throughout the years, had become overburdened with excessive technicalities; cases dragged interminably, and the efficiency of our Courts was gravely impaired.

A very fine discussion of this Initiated Act is found in the Arkansas Law Review of the spring of 1957, Volume 11, page 117, which is entitled, "The Criminal Procedure Reforms of 1936 — Twenty Years After."[4] The article is written by Dr. Robert A. Leflar, Distinguished Professor of Law, former Dean of the University of Arkansas Law School, former Associate Justice of this Court, and presently connected with the law schools of the University of Arkansas and New York University. Relative to the sections here under discussion, Dr. Leflar writes:

"Excessive technicalities probably produced more inexcusable delay and more miscarriages of criminal justice in connection with the sufficiency of indictments at common law than in any other area. One classic example is a case from Missouri where the law, as in Arkansas, requires that indictments conclude with the words 'Against the peace and dignity of the State'. The

---

[4] Constitutional Amendment #21, permitting prosecutions by the filing of Information by the Prosecuting Attorney, as well as indictments by the Grand Jury, is also discussed. Amendment #21 was also adopted in November, 1936.

particular indictment used only the words 'Against the peace and dignity of State.' Omission of the last 'the' was held to call for reversal of the defendant's conviction of rape. The Arkansas court never went as far with such technicalities as did some other states. Nevertheless there were many cases, like the one in which an indictment, charging that defendant 'after having given birth to a bastard child did feloniously and unlawfully conceal the death of said bastard child', was held invalid because it did not affirmatively allege that the bastard child was dead, where technicality overrode common sense.

"Section 22 of the Initiated Act undertook as far as possible to simplify the wording of indictments, by providing that within the standard verbal framework it should be enough to charge the commission of the crime by its common legal name, without necessity for detailing the specific acts allegedly done by the defendant and without specifying the bad state of mind set out in the statutory definition of the crime. Such formal allegations were deemed to be included in the name of the crime charged. The defendant could, however, in any case in which further information was actually needed, require the state to file a bill of particulars.  *  *  *

"The act's broad provisions for bills of particulars invited prompt legislative implementation, and the act prepared by the Prosecuting Attorneys Association with aid from members of the Criminal law Reform Commission, and enacted by the 1937 General Assembly, declared that bills of particulars, when required by law, should set out the facts with sufficient certainty to apprise the defendant of the specific crime charged so that he can prepare his defense. A copy of the bill must be furnished to the defendant at his request, and a supplemental bill is required if the court finds that the one originally filed by the prosecuting attorney was inadequate. Though the prosecuting attorney may file a bill of particulars under section 24 of the Initiated Act without any request from the defendant, and the court may presumably require one to be filed on its own mo-

tion, it is held that a defendant may not object to the failure to file one if he did not request it. Also it is held that a defendant's motion for a bill of particulars was properly denied when the indictment or information itself set out all the relevant facts and there was no showing that the additional facts requested would actually have helped the defendant pepare his defense, or where the prosecuting attorney stated that the information, itself sufficient, set out all the facts that were known to him. Actually, the granting of bills of particulars is of necessity largely governed by the discretion of the trial court, though not entirely, and that is the general effect of the decisions that have been rendered on the matter since 1936.

"The Supreme Court's attitude toward the simplified forms of indictment permitted by the Initiated Act is indicated by the statement in *Underwood* v. *State*: 'That act was adopted by the people, however, for the very purpose of simplifying procedure in criminal cases, and eliminating some of the technical defenses by means of which criminals had often in the past escaped punishment for their crimes.' * * *

"The Court has consistently accepted sections 22 and 23 in spirit as well as letter, and has invalidated indictments and informations only when they actually failed to make clear what offense was being charged against the defendant."

Dr. Leflar cites numerous cases in the footnotes to substantiate the statements made. In *Mortensen* v. *State*, 214 Ark. 528, 217 S. W. 2d 325, appellant was charged by Information with the crime of obtaining money under false pretense, and filed a demurrer to the Information because it did not recite details of the false pretenses employed in obtaining the money. The demurrer was overruled, and appellant then filed a motion to require the filing of a bill of particulars, which motion was complied with. Appellant was convicted, and sentenced to five years in the penitentiary. On appeal, he contended that the court should have sustained his demurrer, and further contended that the bill of particu-

lars filed in response to his motion, did not contain sufficient information to fully apprise him of the specific offense committed. In affirming the conviction, this Court, in an opinion by the late beloved Justice Frank Smith, said:

"The demurrer was properly overruled as the information complies with the form of indictment set out in § 23 of Initiated Act No. 3, amending § 3029 C. and M. Digest, prescribing the form of an indictment in which a violation of the law is charged."

Further, in referring to the Bill of Particulars, the Court said:

"The response was not as definite and full as appellant had the right to require it to be, but there was no request that it should be made more particular and certain. Section 4, Act 160 of the Acts of 1937, appearing as § 3796, Pope's Digest, provides that 'A supplemental bill of particulars may be required upon order of the trial court, if the bill of particulars filed by the prosecuting attorney is not sufficiently definite to apprise the defendant of the specific crime with which he is charged.'

Without requiring a supplementary bill of particulars, which appellant had the right to ask, he filed a demurrer to the information which alleged that the information and bill of particulars did not state an offense or crime under the statutes of Arkansas, and that the court did not have jurisdiction of the appellant, or of the subject matter of the alleged offense."

In *Craig* v. *State,* 195 Ark. 925, 114 S. W. 2d 1073, in referring to Section 22 of Initiated Act No. 3, this Court said:

"By § 22, above quoted, naming the offense charged is made sufficient to carry with it the allegations required to constitute that offense, without a statement of the acts constituting it, unless the offense cannot be charged without doing so. If the allegations are insufficient to enable the accused to properly prepare his

defense he may require the state to file a bill of particulars 'setting out the act or acts upon which it relies for conviction.'

Here, the accused did not ask that the state be required to file a bill of particulars. Had he thought it necessary to properly prepare his defense that the names of the other rioters be alleged, or if their names were unknown, that that fact be alleged, he should have made such a request, which the trial court, no doubt, would have granted. We conclude, therefore, that the information is sufficient to sustain the conviction."

See also *Budd* v. *State,* 198 Ark. 869, 131 S. W. 2d 933. Here, if appellant considered the charge vague, and insufficient to apprise him of the nature of the offense, it was only necessary that he file his motion asking that the State be required to file a Bill of Particulars, — but this was not done.

Appellant argues that this Information did not comply with the requirements of the Constitution, and that the provision relating to the contents of the Information (Sec. 22 of Initiated Act No. 3) is in violation of the Declaration of Rights of our Constitution; specifically in violation of Section 10 of Article II, which provides that the accused shall enjoy the right " * * * to be informed of the nature and cause of the accusation against him." The constitutionality of the short form of indictment and bill of particulars has been upheld in numerous of our sister states.[5] As stated by the Arizona Supreme Court in the case of *State* v. *Chee,* 250 P. 2d 985:

"Article 2, section 24, of the Constitution of Arizona bestows upon every person accused of crime certain invaluable rights none of which can be said to be now in controversy unless it be that of having the right to 'demand the nature and cause of the accusation against him.' Of the rules of procedure Section 44-712 confers the right to demand a bill of particulars supplemental to the allegations set forth in the indictment.

---

[5] Among others, Arizona, California, Iowa, New Mexico, Massachusetts, and New York.

The constitutional guarantee does not in terms or by implication require that the 'nature and cause of the accusation' appear in the indictment or information.''

In *State* v. *Benham,* 58 Ariz. 129, 118 P. 2d 91, the court said:

''In view of the simplified forms of indictment and information under the new criminal procedure, bills of particulars assume an important place in criminal trials. What was formerly essential to allege in the indictment or information may now be supplied to a defendant in a bill of particulars.''

Further:

''The provisions of the law with reference to furnishing a defendant the facts of the charge against him cannot be ignored or treated lightly. It has always been the law among right-thinking peoples, and we hope will continue to be the law in this land of ours, to require the state fully to inform the accused what he is charged with and to allow him time to prepare his defense, if he has one. The simplified rules of procedure do not take from a defendant one whit of a meritorious defense, but those rules do not tolerate defenses that only delay or obstruct the termination of criminal cases. An indictment or information that charges a homicide by name, as for instance, manslaughter, is good under the code, but one thus charged is entitled to know what the state expects to prove against him before he is put on his trial.   *   *   *''

There is nothing in Initiated Act No. 3 which deprived appellant of any constitutional right, nor was any undue burden placed upon him, for the requesting of a bill of particulars requires no more trouble than the filing of a demurrer.

What, after all, is the purpose of the language in the Declaration of Rights? The clear purpose is to insure that every defendant shall be advised of the nature of the crime with which he is charged, in order that he may have adequate information to provide his defense.

*There was never any intent that one accused of crime should hide behind a curtain of technicalities, for our law is based as much upon the concept that justice shall be done, as upon the concept that injustice shall not be committed.* The bill of particulars was designed to be used in lieu of numerous, and generally superfluous, allegations in the indictment or information. In giving to a defendant the privilege of obtaining this bill of particulars, the rights of the accused are as fully protected as though each detail were set out in the information; in fact, he is even able to obtain more pertinent facts than were ever required for the sufficiency of an indictment. We accordingly find no conflict with the constitutional requirement.

A few assignments of error are listed in the Motion for New Trial, but none of these points are argued in the brief, nor have we been provided with a Bill of Exceptions, and therefore, no evidence relative to these assignments is before the Court. Accordingly, such assignments must fail.

Finding no error, the judgment is affirmed.

JOHNSON, J., dissents.

JIM JOHNSON, Associate Justice, dissenting. I do not agree with the majority opinion for two reasons.

First: The sufficiency of the information. A defendant is innocent until proven guilty, and the indictment must be tested upon a presumption that the defendants have no knowledge of the facts charged against them. *United States* v. *Westbrook,* 114 F. Supp. 192 (DC Ark.), 42 C.J.S. page 893.

To me it appears unreasonable, to say the least, to put our stamp of approval on an information such as the one in this case. An information dealing with manslaughter should be more specific. The reason it should be more specific is because, as far as an information is concerned, there are two distinguishing features between our statutory voluntary and involuntary manslaughter. Where one or both of these features are present the law should require the information to designate which crime is charged.

These features are intent and punishment. In 27 Am. Jur. page 631, it is stated:

"The criminal intent of the accused must be alleged where the criminality of an act depends upon the intent with which it was done, but criminal intent need not be charged unless the statute makes such intent one of the constituent elements of the offense."

In voluntary manslaughter there is intent; in involuntary manslaughter there is none.[1]

In *Hettle* v. *State*, 144 Ark. 564, 222 S. W. 1066, on the question of punishment, this Court said:

"If the punishment to be inflicted is greater or less, according to the value of the property, the value must be stated in the indictment, because every indictment, for whatever offense, must set out every fact which the law makes an element in the punishment thereof."[2]

There is a difference in the punishment of voluntary and involuntary manslaughter in Arkansas.

If this information charged the defendant with either of the two crimes it should be involuntary manslaughter. "Without malice" is part of our statutory definition of involuntary manslaughter. This phrase is not found in the statutory definition of voluntary manslaughter. In the instant case, the information resembles a definition of involuntary manslaughter moreso than voluntary manslaughter and the defendant was convicted of voluntary manslaughter, the highest degree possible. Other than this distinguishing feature just mentioned, I don't think a defendant could tell from this information whether he was charged with killing a man after catching him flagrante delicto or accidentally, while shooting at a target. We can easily say all he has to do is ask for a bill of particulars if he needs to know more about the crime, but this time spent trying to find out the facts of the alleged charge could be better spent preparing the defense of this presumably innocent man.

---

[1] On the question of intent, compare *McGough* v. *State*, 119 Ark. 57, 177 S. W. 398, and *Tharp* v. *State*, 99 Ark. 188, 137 S. W. 1097.

[2] Also see 31 C. J. page 734, to the same effect.

Ark. Stats., § 43-1011, says the indictment will be sufficient if it can be understood therefrom that the act or omission, charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment on conviction, according to the right of the case. In this case, how could a judge know whether the defendant had been convicted of voluntary manslaughter or involuntary manslaughter? One might say the jury cured this problem for him by assessing the punishment but what if they had merely returned a guilty verdict with nothing more. What would the defendant be guilty of in that event? I suppose he would be guilty of violating Ark. Stats. § 41-2207, which is the statute the information appears to have been copied from. This statute has no criminal sanction which makes the violation thereof merely a misdemeanor.

Second: The bill of particulars.

Quoting from the majority opinion:

"At any rate, appellant was not precluded from obtaining more specific details. Section 22 also provides: 'The state, upon request of the defendant, shall file a bill of particulars, setting out the act or acts on which it relies for conviction.'"

Quoting further from the majority opinion in Dr. Leflar's article:

" 'The defendant could, however, in any case in which further information *was actually needed,* require the state to file a bill of particulars.'" (Emphasis supplied).

Quoting further from the majority opinion in the case of *Mortensen* v. *State,* 214 Ark. 528, 217 S. W. 2d 325.

"Without requiring a supplementary bill of particulars, which appellant had the right to ask, he filed a demurrer to the information w h i c h alleged that the information and bill of particulars did not state an offense or crime under the statutes of Arkansas."

Quoting further from the majority opinion in the case of *Craig* v. *State,* 195 Ark. 925, 114 S. W. 2d 1073:

"Here, the accused did not ask that the state be required to file a bill of particulars. Had he thought it neces-

sary to properly prepare his defense that the names of the other rioters be alleged . . . he should have made such a request.''

Quoting further from the majority opinion:

''Here, if appellant considered the charge vague, and insufficient to apprise him of the nature of the offense, it was only necessary that he file his motion asking that the State be required to file a bill of particulars, but this was not done.''

And quoting further from the majority opinion:

''The bill of particulars was designed to be used *in lieu of* numerous, and generally superfluous, allegations in the indictment or information.'' (Emphasis supplied).

The reason I have set out the quotes from each of these authorities is to attempt to show where each of them is in error in their opinion as to the proper use of a bill of particulars. In each of these cases this Court has put the burden on the accused to perfect a criminal charge against himself. In other words, it is evident from reading these cases that this Court considers a bill of particulars as capable of amending an information or is using it to refuse the defendant his demurrer because he did not ask for a bill of particulars.[3] In 27 Am. Jur. page 672, there is this:

''A bill of particulars is not an amendment of the indictment or information, and cannot change the offense charged in the indictment or in any way aid an indictment fundamentally bad. Furthermore, it is not a remedy or cure for an indictment so defective that it charges no offense.''

And in *State* v. *Lassotovitch*, 162 Md. 147, 159 A. 362, 81 A.L.R. 69, the Court said:

''The rule allowing a bill of particulars is for the benefit of the accused. He may, but is not bound to, request it; and if he does not, he is entitled to attack the validity of the charge as made out by the indictment. To hold otherwise would be to say that no indictment could be attacked

---

[3] There is an annotation "sufficiency of indictment as affected by bill of particulars" in 10 A.L.R. page 982.

by demurrer by an accused, for vagueness or indefiniteness of its allegations, without first demanding a bill of particulars.''

In my opinion, this Court is denying the accused the opportunity to demur without first asking for a bill of particulars. The people did adopt Initiated Act 3 to modernize our criminal procedure but I do not believe they also intended to do away with a demurrer, which would test the sufficiency of the information in a criminal prosecution. In my opinion, the majority seems to consider this constitutional right of an accused to be apprised of the charge against him as a mere technical right, used often to escape justice. In 42 C.J.S. page 960, there is this:

''This right of accused is a substantial right, and not a mere technical or formal right.''

If we are to say that an accused cannot attack an information without first requiring a bill of particulars, then we are saying an information can never be held bad for violating the accused's constitutional right to be informed of the charge against him. The reason for this is that anytime the information is bad the accused can ask for a bill of particulars and if it is still not sufficient he can ask for another and if that is insufficient he should ask for another. How many times does an accused have to ask for a bill of particulars before he can demur to an information? With this reasoning to go on an information would be sufficient if it said: ''John Doe broke the law,'' and then we could fill in the rest of it by bills of particulars *unless* the defendant did not ask for one, in which case he cannot attack the information on the constitutional ground previously mentioned.

The Arizona case of *State* v. *Benham*, cited by the majority can be distinguished as to the charge because in Arizona the maximum punishment for voluntary manslaughter and involuntary manslaughter is the same, and, as previously stated, this is one reason the information should be more specific. The Arizona case of *State* v. *Chee,* cited by the majority, is interesting because of the reasoning used. The Arizona Court said: ''The constitutional

guarantee does not in terms or by implication require that the 'nature and cause of the accusation' appear in the indictment or information.'' At first glance, this appears reasonable, but what is the result? The result is this Court has, by interpretation of one statute, destroyed the purpose of the demurrer statutes.

If we can say an accused should ask for a bill of particulars, why couldn't we also say he should dig up the facts himself before he can demur. This might appear farfetched but it is only a question of degree. What burden do we want to put on the defendant? Where should we stop? The constitution gave us a guidepost, recognized in Anglo Saxon jurisprudence for many years, and in an attempt to simplify our criminal laws and do away with technicalities, this court has done away with the guidepost. For this, and the other reasons heretofore set out, I respectfully dissent.