HAMMOND v. STATE.

4991                                        340 S. W. 2d 280

Opinion delivered November 7, 1960.

[Rehearing denied December 5, 1960.]

*Shelby C. Ferguson* and *Wm. C. Jenkins,* for appellant.

*Bruce Bennett,* Atty. General, by *Russell J. Wools,* Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. Appellant was charged with stealing a chain saw valued at more than $35. He was convicted on circumstantial evidence and sentenced to one year in the penitentiary. On appeal appellant insisted that the circumstantial evidence was insufficient to sustain the verdict and judgment.

Mack Henry, the owner of the chain saw, testified in substance to the following: I live three miles south of Salem, and I am the owner of a chain saw which was taken from my property on July 5, 1959, (Sunday) around 5 p.m.; later the saw was brought back to me by the deputy sheriff; I can identify the saw by the chain in which one screw was missing; the saw cost $239 and the market value would be about $125. Gwen Logan in substance stated: I passed by Mr. Henry's place on the 5th day of July, 1959, about 4:30 or 5 p.m., there was a dark blue or black 1949 or 1950 Ford sedan car with two men standing by it—the car had a cracked windshield. Kathleen Logan in substance stated: I was coming back from church on 5th of July, 1959, and when I passed the Henry place I saw a Ford car parked, two men were standing beside the car, one of them dressed in khaki, one of the men was the appellant Bynum Hammond. Cornell Wayne Cheek in substance stated: I have known appellant for several years. On July 5, 1959, I saw him driving a black 1949 or 1950 Ford; the windshield was out; when I saw appellant I was on the road to Mack Henry's place and it was late in the afternoon. David Jones, a state policeman, in substance stated: I went to appellant's place on the 19th of July and asked him if he had seen the property that had been reported stolen; he went to the smokehouse and brought out a saw and told me he had bought the saw in West Plains; that he did not know who he had bought it from and did not have a bill of sale; there was a 1949 or 1950

Ford sedan setting in front of his house with a cracked windshield, and the right-hand side of the windshield was broken out. He stated that it was his car. Elvie Lau, a deputy sheriff, stated that he accompanied the state trooper to appellant's home where he saw the above described Ford parked in front of his house with half of the windshield broken out; that when they got the saw, appellant stated that he had bought it in West Plains and that he had borrowed $50 from the bank to pay for it. Bill Young stated that he had been in the chain saw business about three years. After examining the saw, which was supposed to have been stolen and which was an exhibit in the trial of the case, stated that the market value would be somewhere from $40 to $60.

We find no merit in appellant's contention that there was no evidence to prove the identity of the saw or its fair market value. It was, of course, necessary to show that the market value of the saw was more than $35, otherwise, a conviction under Ark. Stats. § 41-3907, could not be sustained. The testimony of the owner of the saw and the testimony of Young was, we think, substantial evidence from which the jury was justified in finding that the saw had a market value of at least $40. Likewise, the identification of the saw made by the owner supplied substantial evidence to sustain the jury's verdict. In the case of *Burrell* v. *State,* 203 Ark. 1124, 160 S. W. 2d 218, the court among other things said, ''. . . it is also a well-settled rule that the evidence admitted at the trial will, on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury it will be sustained.''

Appellant's strongest contention is that the circumstantial evidence in this case is not sufficient to support the verdict of guilty. In support of this argument appellant relies on what this court said with reference to circumstantial evidence in the cases of *Reed* v. *State,* 97 Ark. 156, 133 S. W. 604, *Turner* v. *Walnut Ridge,* 186 Ark. 899, 56 S. W. 2d 759. In the *Reed* case the court,

after reviewing the lengthy testimony, had this to say: "There may be in this testimony some evidence of suspicion against defendants, but at the most it is a circumstance of bare suspicion. But mere circumstances of suspicion are not sufficient upon which to base the conviction for a crime, which must be established by substantial evidence to the exclusion of a reasonable doubt." In the *Turner* case the court cited the *Reed* case with approval and reached the same result. In doing so the court made this statement: "The testimony recited raises a serious suspicion that appellant had intoxicating liquor at his home for the purpose of sale; but convictions cannot be sustained upon suspicion merely. There must be testimony which, when given its highest probative value, proves that the accused had committed the offense charged."

The court has, however, on many occasions sustained convictions on circumstantial evidence; see: *Lackey* v. *State,* 67 Ark. 416, 55 S. W. 213; *Bartlett* v. *State,* 140 Ark. 553, 216 S. W. 33; *Scott* v. *State,* 180 Ark. 408, 21 S. W. 2d 186, *Huffman* v. *State,* 222 Ark. 319, 259 S. W. 2d 509; *Miller* v. *City of Helena,* 224 Ark. 1016, 277 S. W. 2d 841.

In the *Lackey* case, *supra,* the court (in reviewing circumstantial evidence) said: "The doctrine of reasonable doubt applies to the general issue of guilty or not guilty, *but it does not apply to each item of testimony or to each circumstance tending to show the guilt of the defendant.*" (Emphasis supplied.) In the *Huffman* case, *supra,* the court approved this instruction: "You are instructed that although it is competent to convict on circumstantial evidence before you would be authorized to convict on such evidence, the facts and circumstances in evidence must point with reasonable certainty to the defendant's guilt and they must be consistent with each other and consistent with the defendant's guilt to the exclusion of every reasonable hypothesis of his innocence." In the *Scott* case, *supra,* we find this statement: "The defendant was convicted on cir-

cumstantial evidence, but there is no difference in the effect between circumstantial evidence and direct evidence. In either case it is a question for the jury to determine, and, if the jury believes from the circumstances introduced in evidence, beyond a reasonable doubt, that the defendant is guilty, it is the duty of the jury to find him guilty just as it would be if the evidence was direct.'' In the *Miller* case, *supra,* the court quoted with approval: ''There is no greater degree of certainty in proof required where the evidence is circumstantial than where it is direct, for in either case the jury must be convinced of the guilt of the defendant beyond a reasonable doubt.''

In the case under consideration the evidence against appellant amounts to more than a suspicion of guilt. It amounts, we think, to substantial evidence. One strong factor, not heretofore mentioned, is the fact that the missing saw was found in appellant's possession and no satisfactory explanation, consistent with innocence, was given by him. At least the jury evidently did not believe the explanation given, as it had a right to do.

In the case of *Duty* v. *State,* 212 Ark. 890, 208 S. W. 2d 162, where the appellant was charged with and convicted of grand larceny the court said:

''Without further recitation of the testimony it may be said that it was clearly shown that appellant was in possession of property recently stolen and the jury evidently did not accept appellant's explanation of his possession. *This testimony alone would suffice to sustain the larceny charge.* See *Mays* v. *State,* 163 Ark. 232, 259 S. W. 398, and cases there cited.'' (Emphasis supplied.)

It is our conclusion that there was substantial evidence to support the jury's verdict of guilty, and the judgment of the trial court is therefore affirmed.

Affirmed.